WALDEMAN MOODY, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Where sole counsel stated in his place, as a ground for continuance of a criminal case, that, having been engaged in the court ever since the finding of the bill of indictment, he had no opportunity of preparing the case for trial; that he had not conversed with the witnesses, some of whom were absent, and that it was impossible for him to do justice to his client, the judge who presided in the court and saw what engagements the counsel had therein, was in a favorable situation for exercising a wise and just discretion in regard to the showing; and this court, in the absence of any detailed explanation in the record as to what the engagements of counsel really were, and in the absence of anything to suggest special intricacy or complication in the client's case, does not feel constrained absolutely to pronounce that the judge abused his discretion in refusing the continuance.

2. The showing for continuance being put, in part, on the absence of witnesses, and being made by counsel, no reason appearing in the record why the client did not make or participate in the same, and the name of no witness being given, no fact being stated to which it was expected that the witnesses, or any of them, would testify, no expectation of procuring their attendance at the next term of the court being stated, and no statement being made that they were not absent by the client's consent, or that the application was not for delay, it was clearly right to overrule the showing as to this ground.

3. Reviewing the whole motion for continuance, inasmuch as it was made at the same term of the court at which the indictment was found, and as there had been no previous commitment or binding over of the prisoner, the rule of diligence exacted by the court was, perhaps, too strict; but viewed in the light of subsequent developments on the trial, especially the admissions made by the prisoner in his voluntary statement to the jury, the decision on the motion, even if erroneous, would not be cause for a new trial.

4. Upon a single count for assault with intent to murder by shooting, the prisoner may be convicted of the lesser offense of shooting at another.

5. In charging the jury on such an indictment, the law of manslaughter is relevant as well as the law of murder.

6. But the constitutional provision (article v., section 13, paragraph 2,) touching the selection, qualification and compensation of jurors, is not relevant.

7. The verdict, so far from being contrary to evidence, is fully warranted by the statement of the prisoner himself, made to the jury on the trial. He pretended that he acted in self-defense, and yet he shot the prosecutor from behind in the back of the shoulder. The prisoner, on his own version of the transaction, was altogether to blame for provoking the difficulty. He had no right to obstruct the prosecutor in removing from his premises, without some legal process to hinder or detain him. Forcible interference to prevent his removal, by strong hand, was unwarranted, and shooting him, under the circumstances, was felonious.

8. Under the constitution and laws of Georgia every human being within the state is entitled to be protected against violence. Courts and juries, as was done in the present case, should administer the same equal and impartial justice to all, without distinction of race or color. It never was lawful in this state for a white person to shoot, cut, stab or wound a negro, and it is not the less unlawful now than formerly. On the contrary, even the right of moderate correction which once existed in the owner, overseer or employer, has been wholly taken away by the abolition of slavery. It is an outrage upon the sovereignty of law and the peace of society for a white person to use any degree of violence against a person of color, or for the latter to use any degree of violence against the former. Persons of both races are under an equal obligation to keep the peace and obey the laws.

Criminal law. Continuance. Indictment. Before Judge BARTLETT. Greene Superior Court. March Term, 1875.

Moody was placed on trial for the offense of assault with intent to murder, alleged to have been committed upon the person of one Hark Mathews, by shooting him. When the case was called for trial, a motion was submitted by the defendant for a continuance, which was overruled. This branch of the case is fully reported in the first three head-notes.

The defendant pleaded not guilty. The evidence for the state made, in brief, the following case:

Mathews had been in the employment of defendant as a farm laborer. The latter was desirous of securing his services for the year 1875, but failing to agree on terms, notified him (Mathews) that he wanted his house by Friday morning, December 24th, 1874. On Thursday morning Mathews had a wagon in front of the door of his house, and was engaged in placing thereon such personalty as he owned, when defendant came up and said, " I suppose, Hark, you are going to move?" To which Mathews responded, " Yes, sir." Defendant then said, "I offered you as good an offer as anybody else, if you won't take that you shan't do anybody else any good." Mathews was then going out of the cabin with a box ; he put the box down, and took the " hind gate " off the wagon. As he went back to take up the box, defendant shot him in the shoulder. Defendant was standing in the cabin door. He told Mathews that if he did not take

his things out of the wagon, he would blow his d——d brains out. Mathews took out what few things he could, but as he had only the use of one hand, his wife had to take out such as were heavy. The defendant shot him from behind with a pistol. There was no provocation for the act beyond the fact of his leaving the service of defendant. After the shooting, the latter told Mathews to drive the wagon away and never to put his foot on the place again.

The case made by the state rested upon the evidence of Mathews, his wife, and of the surgeon who was called in to see him when shot.

The defendant sought by five witnesses to impeach the testimony of Matthews, but the attempt was weak.

The statement of the defendant varied from that of Mathews only in the following particulars: He said that he carried a pistol with him because he was informed that he was a violent man; that he was not standing in the door of the cabin when he fired; but on the ground; that he objected to the removal by Mathews of his personalty until he had settled a provision account, for which he (defendant) had become responsible; that he stepped in front of the cabin door and stated to him (Mathews) that he should not carry out any more of his "plunder" until he had settled the account referred to; that he immediately saw that Mathews was about to make an attack on him; that Mathews came rushing violently at him with his fist drawn up, when he fired; that he was compelled to shoot him in self-defense; that as he (Mathews) made a lick at him, he ran past ten or twelve feet, and defendant fired as he passed; that he then told him to take the things from the wagon and to go off immediately.

Mathews' character was sustained by one witness.

The jury found the defendant guilty of unlawful shooting at another not in self-defense, and recommended him to the mercy of the court. The defendant moved for a new trial upon the following grounds, to-wit:

1st. Because the verdict was contrary to the law and the evidence.

2d. Because the court erred in charging the jury, section 1, article I., and paragraph 2, section 13, article V, of the constitution of the state of Georgia, and sections 4325, 4327 of the Code, these provisions of the constitution and of the Code being inapplicable to the case.

3d. Because the court erred in overruling the motion for a continuance heretofore referred to.

The motion was overruled and defendant excepted.

PHILIP B. ROBINSON, for plaintiff in error.

J. W. PRESTON, solicitor general, by JACKSON & CLARKE, for the state.

BLECKLEY, Judge.

The opinion of the court is given at sufficient length in the head-notes. As the conviction was eminently right and proper, the error of the judge in charging on the constitution, as indicated in the sixth head-note, had no hurtful consequence. We are satisfied to let the verdict stand; and the judgment refusing a new trial is affirmed.

Judgment affirmed.