ment and state the grounds which could compel a sentence for a misdemeanor instead of a felony.

(a.) In this case the offence of larceny from the house was charged in the language of the Code, and it was substantially alleged that the property charged to be stolen exceeded the value of fifty dollars.  Code, §4414.

2. The verdict was supported by the evidence.

Judgment affirmed.

April 24, 1883.

HALL, Justice.

---

## WOSTENHOLMS vs. THE. STATE OF GEORGIA.

1. Under an indictment containing a single count for assault with intent to.murder by shooting, the prisoner may be convicted of the offence of shooting at another, that being a lesser offence of the same general character.  54 Ga., 660; 51 Ib., 144.

2. Where no ruling of the court below in respect to the form of a verdict in a criminal case has been invoked, but a bill of exceptions to the overruling of a motion in arrest of judgment on other grounds has been filed, the form of the verdict cannot be attacked for the first time in this court.

Judgment affirmed.

March 20, 1883.

CRAWFORD, Justice.

---

## GRAHAM vs. SELLERS.

Where suit was brought for a trespass which damaged "mill timber," it should appear that a trespass was committed upon mill timber. That trees were wrongfully used for the purpose of manufacturing turpentine, was not alone sufficient, where it was not shown that any of the trees so used were of that kind for damaging which suit was brought.

Judgment reversed.

April 24, 1883.

CRAWFORD, Justice.