·called, Burwell Cofer testified: "I told Mr. Callaway this was a boar—this one that was killed. The hog we are talking about now was a boar-hog; it had never been altered."

Irvin & Wynne, for plaintiff in error. W. M. How-ARD, solicitor-general, by Harrison & Peeples, contra.

---

## Rucker v. The State.

Simmons, J.—An indictment for larceny after trust, which charges that a person unknown, a passenger on board a car, entrusted a ticket to the accused to be applied to the use of the railroad company to whom it belonged after being so entrusted, is not supported by evidence that the accused received the ticket from the passenger in the course of his duty as porter on the car, his further duty to the company being to turn over the ticket to the conductor, which he failed to do but fraudulently converted it to his own use. The trust proved was not one between the passenger and the accused, but one between the railroad company and the latter, inasmuch as the passenger acted for himself and not for the company in delivering the ticket to the porter, and by such delivery discharged himself from all liability to the company for the carriage to which the ticket related, the same as if the ticket had been surrendered directly to the conductor or any other agent or officer authorized to receive it in behalf of the company. *Mc-Nish* v. *The State*, 88 *Ga.* 499.          *Judgment reversed.*
October 15, 1894.

Indictment for larceny after trust. Before Judge ·Clark. Fulton superior court. March term, 1894.

F. R. Walker and G. P. Roberts, for plaintiff in error.

C. D. Hill, solicitor-general, and Hillyer, Alexander & Lambdin, *contra*.

---

## Corley v. The State.

Bleckley, C. J.—1. The motion in arrest of judgment is controlled by *Moody* v. *The State*, 54 *Ga.* 660, in connection with *Arnold* v. *The State*, 51 *Ga.* 144, *Isom* v. *The State*, 83 *Ga.* 378, and *Jenkins* v. *The State*, 92 *Ga.* 470, 17 S. E. Rep. 693.
v 95-30

2. The indictment being for an assault with intent to murder, and
alleging that with a pistol, a rock and a large stick the accused did
assault, beat and shoot a named person; a conviction thereon could
be had for shooting at that person, and there being evidence that
the accused shot a pistol, making thereby a wound upon the per-
son named in the indictment, although there was conflicting evi-
dence both as to the shooting and the cause of the wound, there
was enough on which to base a charge to the jury authorizing
them, if they thought the evidence warranted it, to find the de-
fendant guilty of the minor offense of shooting at another.

3. The sentence having been pronounced in October, it was too late
to except thereto on the following June. There was no error in
denying a new trial, or in refusing to arrest the judgment.

October 8, 1894.                          *Judgment affirmed.*

· Indictment for assault to murder. Before Judge
CLARK. Rockdale superior court. April term, 1894.

Defendant was found "guilty of shooting at another."
He moved in arrest of judgment, on the grounds, that
the verdict did not find him guilty of any offense under
the law, and that it was a special and not a general ver-
dict and therefore illegal. He also moved for a new
trial on the general grounds, and because the court
charged the jury that he could be found guilty of
shooting at another. He excepted to the overruling
of these motions, and to the sentence of the court. The
verdict was rendered and the sentence pronounced at
the October term, 1893. The two motions were over-
ruled in May thereafter.

A. C. McCALLA, J. R. IRWIN and J. N. GLENN, for
plaintiff in error. J. S. CANDLER, solicitor-general, *contra.*

---

WRYE *v.* THE STATE.

BLECKLEY, C. J.—1. It being shown by evidence that the accused had
a lawful wife who was still alive when he married another woman,
the second marriage was void and did not render this woman in-
competent to testify against him as a witness in a criminal case.

2. The statement of the accused to the court and jury, if true, mak-
ing a case of manslaughter, and he being indicted and on trial for