### WATSON v. THE STATE.

116　607|
Case 2
f 121　331

116　607
Case 2
123　479
116　607
124　788

116　607
Case 2
126　545

1. The common-law rule, that when an indictment charged an offense which included within it another less offense, or one of a lower degree, the accused, though acquitted of the higher offense, might be convicted of the less, is of force in this State, though there is no statute expressly adopting the rule.

2. The common-law qualification of this rule, however, that a conviction for a misdemeanor could not be had under the charge of a felony, has never been of force in this State.

3. But the general rule is to be qualified to the extent that the lesser offense must either necessarily be included in a general charge of the greater, or if it may or may not be, then the averments of the indictment describing the manner in which the greater offense was committed must contain allegations essential to constitute a charge of the lesser.

4. Under an indictment for murder the accused may be convicted of a lower grade of felony, or even of a misdemeanor, if the lesser offense is one involved in the homicide and is sufficiently charged in the indictment.

5. An indictment for murder which alleges that the accused "a certain pistol loaded with gunpowder and leaden ball, which [the accused] then and there had and held, in, at, towards, and upon [a named person], unlawfully, feloniously, wilfully, and of his malice aforethought did shoot off and discharge, giving to [such person] then and there a mortal wound," of which he died, sufficiently charges the offense of shooting at another, and under such indictment the accused may be convicted of that offense.

6. When under such an indictment there is a verdict finding the accused guilty of the offense of shooting at another, it is not erroneous to overrule a motion in arrest of judgment. Upon the hearing of such a motion the court looks only at the indictment and the verdict, the presumption being that the evidence lawfully authorized such a verdict.

7. Whether such a verdict could lawfully stand as against a proper motion for a new trial, when the evidence required a finding that the person shot at died

from the effects of the wound given by the accused, is a question not involved in the present case and will not now be decided.

Argued November 17, — Decided December 9, 1902.

Motion to arrest judgment. Before Judge Barrow. Chatham superior court. September 19, 1902.

*Robert L. Colding,* for plaintiff in error.
*William W. Osborne, solicitor-general,* contra.

COBB, J. Under an indictment for murder the accused was convicted of the statutory offense of shooting at another. He makes the point, in a motion to arrest the judgment, that such a finding was not legally possible under the indictment upon which he was arraigned. The question, therefore, to be determined is whether under this indictment it was possible, under any conceivable state of facts, for the accused to have been convicted of the offense of shooting at another. Or, to state it differently, can a person ever be convicted, under an indictment for murder or manslaughter, of an offense not involving a homicide? The court can not, of course, on a motion in arrest of judgment, look to the evidence, but must assume that the finding was warranted thereby. In dealing with the point thus made, it may be well at the outset to remark that it is an open question in this State, and that we are at liberty to consider the case unhampered by any previous adjudication.

It was a rule of common law that " When an indictment charged an offense which included within it another less offense, or one of a lower degree, the defendant, though acquitted of the higher offense, might be convicted of the less." Stapp *v.* State, 3 Tex. App. 138, 144; 1 Chit. Cr. Law, 250; Whart. Cr. Ev. (9th ed.) § 130; 1 Bish. New Cr. Law, § 780; 1 Bish. New Cr. Proc. § 417; 2 Hawk. P. C. 620. The rule has also been stated to be that " If in the indictment an offense is stated which includes within it an offense of minor extent and gravity of the same class, then the prisoner may be convicted on that indictment of the minor offense, though the evidence fail as to the major." 1 Rosc. Cr. Ev. (8th ed.) p. 123. This rule was, however, subject to the qualification that under an indictment for a felony the accused could not be convicted of a misdemeanor. The reason for this qualification was that a person charged with a misdemeanor was entitled to certain privileges to which a person indicted for a felony was not entitled.

These privileges were the right to appear by counsel and to have a copy of the indictment and a special jury; and the object of this qualification to the general rule was to prevent the Crown from indicting for a felony a person really guilty of a misdemeanor and thus deprive him of the special privileges to which he was entitled. See 1 Chit. Cr. Law, 252; Stapp v. State, supra; 10 Enc. P. & P. 543; 1 Whart. Cr. Law (10th ed.), § 544; Whart. Cr. Pl. & Pr. (9th ed.) § 249; 1 Chit. Crim. Law, § 639; Clark's Crim. Law (2d ed.), 43. The distinction between felonies and misdemeanors in the respect just noted was, however, changed by statute in England, though it seems that the statute was later repealed. See 1 Russ. Cr. (6th ed.) 45.

In most, if not all, the States of this country the reasons for this distinction, as stated by the authorities cited above, never existed. With us the rights of the accused on a trial for a felony are as well protected as upon a trial for a misdemeanor. Indeed, in Georgia a person accused of a felony has some rights and privileges which a person charged with a misdemeanor does not have. For these reasons, in the majority of the States the general rule stated above is held to be applicable even though the minor offense be a misdemeanor. In this State the qualification to the rule has never been adopted. On the contrary there are numerous decisions of this court where convictions for misdemeanor offenses have been upheld under indictments for felonies. See *Wilson* v. *State*, 53 *Ga.* 205; *Hopper* v. *State*, 54 *Ga.* 389; *Bard* v. *State*, 55 *Ga.* 319; *Trowbridge* v. *State*, 74 *Ga.* 431; *Malone* v. *State*, 77 *Ga.* 767 (4a); *Jenkins* v. *State*, 92 *Ga.* 470. There have been numerous other decisions where the two offenses belonged to the same generic class, though the punishment fixed by the statute for the offense of which the prisoner was convicted was in some instances less severe than in that for which he was indicted. See *Reynolds* v. *State*, 1 *Ga.* 222; *Whilden* v. *State*, 25 *Ga.* 396; *Ward* v. *State*, 56 *Ga.* 408; *Williams* v. *State*, 60 *Ga.* 88; *Polite* y. *State*, 78 *Ga.* 347; *Lavender* v. *State*, 107 *Ga.* 707; *Sessions* v. *State*, 115 *Ga.* 18; *Moody* v. *State*, 54 *Ga.* 660 (4) *Wostenholms* v. *State*, 70 *Ga.* 720; *Brown* v. *State*, 90 *Ga.* 454; *Gaines* v. *State*, 108 *Ga.* 772. In *Bell* v. *State*, 103 *Ga.* 401, Mr. Justice Fish took occasion to say that "The technical rule of the old common-law pleaders, that a misdemeanor is always merged into a felony when the two meet, and

that therefore upon an indictment for a misdemeanor the accused should be acquitted if the evidence shows the offense was a felony, and upon an indictment for a felony there should be an acquittal if the evidence shows the offense to have been only a misdemeanor, has long since been abolished in this State." And we might repeat here what was said above, that the technical rule just referred to has never existed in Georgia since it became a State. In the present case, however, both of the offenses are felonies, and so, even if the rule just referred to were of force in Georgia, it would not be decisive of this case.    See Penal Code, § 113.

What might with some propriety be called the American rule, that is, the English common-law rule without the qualification with respect to misdemeanors, is the one of force in Georgia.    That rule has been stated in this way : " Where a court has general jurisdiction over both misdemeanors and felonies, one may be convicted therein, under an indictment for one crime, of any crime proved by the evidence, provided it is included in the crime charged and embraced within the terms of the indictment; and this is true although the crime charged should be a felony and the one proved but a misdemeanor, except in those States or jurisdictions where the doctrine of merger is in force." 7 Crim. Law Mag. & Rep. 160. Many of the States have a statute embodying substantially the provisions of the foregoing quotation.    There is in this State no such statute, but the rule is none the less of force here.    The question then is whether, under the operation of this rule, a person can be convicted under an indictment for murder for an offense which does not involve a homicide.    The weight of authority is that he can.    Nevada, Texas, Kansas, Arkansas, and Iowa have statutes which provide, in substance, that the accused may be convicted of any offense which is necessarily included in the crime charged in the indictment.    In Nevada it has been held that under an indictment for murder the accused might be convicted of assault with intent to murder.    Ex Parte Curnow, 21 Nev. 33.    In Iowa it was held that under an indictment for murder the accused might be convicted of an assault with intent to commit a great bodily injury. State *v.* Parker, 66 Iowa, 586.    In Kansas it was held that a verdict for assault and battery would be upheld under an indictment for murder, if the assault and battery were alleged in the indictment.    In the opinion the statute of Kansas is cited as an addi-

tional reason why the conviction could be upheld, but it is distinctly stated that such a conviction would have been warranted without regard to the statute. State *v.* O'Kane, 23 Kan. 244. In Arkansas it was held that under an indictment for murder the accused could be convicted of an assault with intent to kill. Davis *v.* State, 45 Ark. 465. In Bean *v.* State, 25 Tex. App. 346, it was ruled that a conviction for aggravated assault might be had under an indictment for murder. It was, however, stated, both in the headnotes and the opinion, that this would be so independently of the statute of that State. See also Stapp *v.* State, 3 Tex. App. 138.

In State *v.* Scott, 24 Vt. 127, it was held: "One indicted for manslaughter may, on trial, be convicted for an assault and battery, though the indictment contain no count specially charging the minor offense." There was, so far as appears from the opinion, no statute in Vermont like those in the States above referred to, but the court read into the law of that State the general common-law rule, that when an indictment includes an offense of an inferior degree, the jury may discharge the accused of the higher crime and convict him of the lesser; and held further that the qualification of the rule with respect to misdemeanors was not of force in that State, the reasons for the rule not existing. In Logan *v.* United States, 144 U. S. 307, Mr. Justice Gray used, arguendo, this language: "An indictment for a capital offense usually includes an offense less than capital, and the defendant may be convicted of either. For instance, one indicted of murder may be convicted of manslaughter, or of an assault only." In Com. *v.* Drum, 19 Pick. 479, although the point was not directly involved in that case, it was said that a conviction for assault and battery might be had under an indictment for manslaughter. In Bush *v.* Com., 78 Ky. 268, it was held that in the trial of an indictment for murder, where there was doubt as to whether the deceased died from a wound inflicted by the accused or from a disease subsequently contracted, the court should have charged the jury that if they believed the deceased died from the disease, the accused would not be guilty of murder but might be convicted of wilfully and maliciously shooting and wounding. In that State there was a statute containing provisions similar to those in the States referred to above. In *Wood v. State*, 48 *Ga.* 294, Judge McCay said: "It is a settled rule that under a charge of a higher offense of the same nature, if the higher

necessarily includes the lower, the jury may find the defendant guilty of the lower. As in murder, the jury may convict of manslaughter, assault and battery, or even assault." That, however, was a case of seduction, and the general rule stated was applied in that case. Many of the foregoing decisions are direct authority for the ruling made in this case. It is true nearly all of the States referred to have statutes which were held to cover the particular case made. But, as we have endeavored to show above, these statutes were only declaratory of the common-law rule, and the rule stated in the statutes was just as much of force in those States as if there had been no statutes, and is just as much of force in Georgia as if we had such a statute.

Of course, in order for a conviction of a lesser crime to be warranted, the greater must either necessarily include within itself all of the essential ingredients of the lesser, or, if not necessarily included, but may or may not be involved according to the circumstances of the particular case, the indictment must itself, in describing the manner in which the higher offense was committed, contain all of the averments necessary to constitute the lower. See 10 Enc. P. & P. 542; *Goldin* v. *State,* 104 *Ga.* 549; Davis *v.* State, 45 Ark. 464. In Indiana the doctrine of merger is of force, and it has been uniformly held that on the trial of an indictment for murder the accused can not be convicted of an assault and battery or of an assault, those offenses being misdemeanors. Wright *v.* State, 5 Ind. 527; Gillespie *v.* State, 9 Ind. 380; Reed *v.* State, 141 Ind. 116. Even in Indiana, however, the accused might be convicted of a lesser felony involved in the charge contained in the indictment. See Moon *v.* State, 3 Ind. 438, cited in Wright's case, supra. In Moore *v.* State, 59 Miss. 25, it was held that an assault and battery, or even a mere assault, was not necessarily involved in a charge of murder, and that therefore a conviction under the statutory form of indictment for murder for either of these two offenses could not be upheld, that form of indictment not charging either; but it was distinctly said that "where an indictment for murder or manslaughter charges an assault and battery, or an assault, the verdict may be for either according to the proof." To the same effect see Scott *v.* State, 60 Miss. 268. In Burns *v.* People, 1 Parker's Crim. Rep. (N. Y.) 182, it was ruled simply that where on the trial of an indictment for murder the evidence shows

that death ensued, the accused can not be convicted of a simple assault and battery, though he may be of manslaughter. This decision does not necessarily conflict with the decision we make. As stated above, the question under consideration arises on a motion to arrest the judgment, and we are not at liberty to look at the evidence, although it is incorporated in the record. It may be that in this case death did not ensue at all, or did not result from the wound inflicted by the accused. It is not difficult to conceive of a case where a person might be wounded by another and die some time thereafter, and on the trial for murder of the person inflicting the wound it might appear that the deceased came to his death as the result of a disease contracted after the wound was received, and but for this disease would have recovered. It is not necessary for us to say what view we would have taken of this question had the case come up on a motion for a new trial and the evidence disclosed that the person upon whom the wound was inflicted by the accused died as a result of such wound. If the rule stated in the case just above cited is sound, then we are bound to assume that on the trial of the present case the evidence disclosed either that the person assaulted by the accused did not meet his death at all, or did not die as a result of the wound inflicted by the accused. In other words, in dealing with a motion in arrest of judgment we must assume that the evidence warranted the finding, if such finding can be supported under any theory known to the law.

The case of People v. Adams, 52 Mich. 24, can not be treated as conflicting with the ruling made in the present case. In that case the court was reviewing the evidence, and held that there could not be a conviction for a criminal assault when death resulted from such assault. It was further ruled that a conviction for an assault could not be sustained under an indictment for murder which does not charge a murder by assault; that there could be no conviction of a lighter offense than is charged in the indictment unless it is one included in that which is charged. The offense of shooting at another may or may not be involved in a homicide; and therefore it is essential to a conviction of this offense, under a charge of unlawful homicide, that the indictment should contain averments necessary to charge this offense. The indictment in the present case avers that Cicero Watson, " with force and arms, in and upon one John Robinson, in the peace of God and said State

being, unlawfully, feloniously, wilfully, and of his malice aforethought did make an assault; and a certain pistol loaded with gunpowder and leaden ball, which the said Cicero Watson then and there had and held, in, at, towards, and upon the said John Robinson, unlawfully, feloniously, wilfully, and of his malice aforethought did shoot off and discharge, giving to the said John Robinson, then and there, a mortal wound, of which mortal wound the said John Robinson, then and there, did die. And so the jurors aforesaid, upon their oaths aforesaid, do say that the said Cicero Watson, him, the said John Robinson, in manner aforesaid, unlawfully, feloniously, wilfully, and of his malice aforethought did kill and murder, contrary to the laws of said State," etc.

It is not debatable that if under any indictment for murder the accused can be convicted of the offense of shooting at another, he could have been so convicted under this indictment. See, in this connection, *Moody* v. *State*, 54 *Ga.* 660 (4); *Wostenholms* v. *State*, 70 *Ga.* 720; *Jenkins* v. *State*, 92 *Ga.* 470; *Gaines* v. *State*, 108 *Ga.* 772. It charges distinctly that the crime of murder was committed by shooting at the deceased and in this manner inflicting upon him a mortal wound. It is to be presumed that the allegation as to the manner in which the wound was inflicted was sustained by proof, and whether or not it was necessary for the proof to fail as to the character of the wound so given we do not decide. Both offenses were felonies. The lesser was a part of the greater and involved in it. Under the allegations of this indictment the greater offense could not have been made out without proof of the lesser; and we think the trial court committed no error in overruling the motion in arrest of judgment.

*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent.*