### 2345. RHINEHART v. THE STATE.

POWELL, J. 1. Upon an indictment for assault with intent to murder, charging that the defendant, with a certain pistol, "did unlawfully and with malice aforethought assault, shoot, and beat" the prosecutor, with the intent to kill and murder him, a verdict finding the defendant guilty of shooting at another may be lawfully rendered. See *Watson* v. *State*, 116 *Ga.* 607 (43 S. E. 32). In the footnote to this case as reported in 21 L. R. A. (N. S.) 1, is a full collection of cases on the general subject.

2. The testimony and the inference capable of being rationally drawn therefrom were such as to authorize the instructions upon the subject of mutual combat and of shooting at another.

3. No material and reversible error appears in the record.

*Judgment affirmed.*

Indictment for assault with intent to murder; from Bartow superior court—Judge Fite. December 6, 1909.

Argued January 13,—Decided February 10, 1910.

*T. J. Lyon, Maddox, McCamy & Shumate*, for plaintiff in error.

*T. C. Milner*, solicitor-general, *George W. Stevens*, contra.

---

### 1755. FREY et al. v. BLACKWELL.

HILL, C. J. In this case liability is admitted. The amount of the damages was for determination exclusively by the jury, and the verdict is fully supported by the evidence. No error of law appears of sufficient gravity to require another trial. *Judgment affirmed.*

Action for false arrest, etc.; from city court of Atlanta—Judge Calhoun. February 5, 1909.

Argued May 5,—Decided October 5, 1909.—Rehearing denied February 22, 1910.

*George F. Gober, Walter McElreath, B. T. Frey*, for plaintiffs in error. *Ben. J. Conyers, Walter T. Colquitt*, contra.