## 20414. DAVIS v. THE STATE.

DECIDED MAY 14, 1930.

*Anderson & Jones,* for plaintiff in error.

*W. G. Neville, solicitor,* contra.

LUKE, J. The indictment in this case charges that Keel P. Davis did "make a violent assault upon the person of Lucile Wilder, a female, and, after having made such assault as aforesaid, did then and there attempt to have carnal knowledge of her · . . forcibly and against" her will. Where a defendant is charged with a major offense, there can not be a conviction of a minor offense unless it is either necessarily included in the major offense or is charged in the indictment. *Watson* v. *State,* 116 *Ga.* 607 (3) (43 S. E. 32, 21 L. R. A. (N. S.) 1); *Goldin* v. *State,* 104 *Ga.* 549 (30 S. E. 749). See also *Sills* v. *State,* 36 *Ga. App.* 103 (135 S. E. 758); *Moore* v. *State,* 151 *Ga.* 662 (108 S. E. 47); *Owens* v. *State,* 9 *Ga. App.* 441 (2) (71 S. E. 680).

Since the offense of assault with intent to rape does not necessarily include a battery, and no battery is charged in the indictment, the conviction of the defendant of assault and battery under the indictment charging him with assault with intent to rape can not stand. *Goldin* v. *State,* supra.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*