27188. BARTON *v.* THE STATE.

DECIDED OCTOBER 25, 1938.

*Stonewall H. Dyer,* for plaintiff in error.

*W. Y. Atkinson, solicitor-general,* contra.

GUERRY, J. The indictment under which the defendant stands convicted charged that he did commit the offense of assault with intent to rape; for that he did "on the 3rd day of February in the year 1938, . . unlawfully and with force and arms, in and upon one Mel Rose Bowen, a female, violently and feloniously make an assault, and he, the said J. B. Barton, did then and there violently seize, strike, and beat her, the said Mel Rose Bowen, with intent then and there to have carnal knowledge of her, the said Mel Rose Bowen, forcibly and against her will." It appears from the evidence that Mel Rose Bowen was considerably under the age of fourteen years at the time of the alleged assault. She testified that on the occasion in question, the defendant invited her into an empty house, and after she entered he shut the door. "When I got in the back room he held me around the waist and run his hand down my leg. He had one hand around my waist and run the other hand down my legs. Then he said, 'Let us mumble around some.' I was standing up, he was stooping down. He turned me loose and pulled his private out and says: 'Here, take this home with you.' He was not still holding me when he said that." She began to cry, and the defendant offered to pay her to hush. The defendant made no effort to put his private about her or place it on her, or to remove her underclothing. The defendant denied the whole occurrence, and set up an alibi. The only special ground of the motion for new trial raises the question whether the judge erred in failing, without request, to give in charge to the jury the principles appertaining to the offense of assault and battery.

It is well settled that under a charge of a major offense, a conviction may be had of a minor offense necessarily, or by the allegations of the indictment, included therein and to which the evidence applies. *Mitchell* v. *State,* 6 *Ga. App.* 554 (65 S. E. 326); *Lewis* v. *State,* 33 *Ga.* 131; *Wostenholms* v. *State,* 70 *Ga.* 720; *Malone* v. *State,* 77 *Ga.* 767; *Corley* v. *State,* 95 *Ga.* 465 (20 S. E. 212); *Smallwood* v. *State,* 9 *Ga. App.* 300 (70 S. E. 1124); *Harris* v. *State,* 120 *Ga.* 167 (47 S. E. 520); *Wright* v. *State,* 168 *Ga.* 690 (148 S. E. 731); *Duggan* v. *State,* 116 *Ga.* 846 (43 S. E. 253); *Johnson* v. *State,* 14 *Ga.* 55. In order to justify a conviction of a lesser offense under this principle, it "must either necessarily be included in a general charge of the greater; or if it may or may

not be, then the averments of the indictment describing the manner in which the greater offense was committed must contain allegations essential to constitute a charge of the lesser." *Watson* v. *State,* 116 *Ga.* 607 (43 S. E. 32). While it is true that the offense of assault with intent to rape does not necessarily include the offense of assault and battery (*Watkins* v. *State,* 68 *Ga.* 832; *Jackson* v. *State,* 91 *Ga.* 322, 18 S. E. 132), yet an indictment for such offense may so describe the manner of its commission as to contain allegations essential to constitute a charge of the lesser crime of assault and battery. This is true in the present case; for the indictment charges that the defendant did *"violently seize, strike and beat her"* [Mel Rose Bowen] . . with intent then and there to have carnal knowledge of her." "An assault is an attempt to commit a violent injury on the person of another." Code, § 26-1401. "Battery is the unlawful beating of another, and is a misdemeanor." § 26-1408. In the present case a verdict finding the defendant guilty of an assault and battery would have been supported by the allegations of the indictment and by the evidence. It is not manifest that the intent of the defendant was to have sexual intercourse with the female assaulted (this being the only proof necessary, since the female was under fourteen years of age. Code, §§ 26-1302, 26-1304). His conduct was deplorable. That is admitted. But it was not such as to demand a finding that his purpose was so base. With regard to the question of intent, in cases such as the present, the jury are the sole arbiters; and had they been given the right to convict the defendant of the lesser offense of assault and battery, instead of being given only the alternative of acquitting him or finding him guilty as charged, they might have given him the benefit of any doubt existing in their minds on this question.

"Where a charge of graver character includes a minor offense, if the evidence will justify a verdict finding the defendant guilty of the minor offense, it is the duty of the judge to instruct the jury as to the principles of law applicable thereto. The graver offense must either necessarily include the minor offense, or the indictment must charge the essential elements of the minor offense. To state the rule as strongly as possible, the jury should in all cases be instructed that the defendant may be convicted of the lesser offense necessarily involved in the graver offense, where the evidence

submitted, under any view thereof, will authorize conviction of the lesser grade." *Moore* v. *State*, 151 *Ga.* 648 (5), 662, 663 (108 S. E. 47); *Sutton* v. *State*, 123 *Ga.* 125 (51 S. E. 316); *Fields* v. *State*, 2 *Ga. App.* 41 (58 S. E. 327). It is true that under an indictment for rape, or assault with intent to rape, where the evidence indubitably establishes the offense charged, it is not error for the trial judge to refuse to charge the jury that they may convict the defendant of the lesser offense of assault and battery, even though the defendant's statement would so authorize. *Moore* v. *State*, supra; *Lewis* v. *State*, 156 *Ga.* 862 (120 S. E. 124); *Haden* v. *State*, 176 *Ga.* 304 (168 S. E. 272); *Gorman* v. *State*, 183 *Ga.* 307 (188 S. E. 455); *Wade* v. *State*, 11 *Ga. App.* 411 (75 S. E. 494). But this rule has no application where the evidence will consistently support a verdict for either assault with intent to rape or assault and battery, as in the present case. The Supreme Court, in the *Moore* case, supra, involving an indictment for rape, took occasion to say: "The case differs from a case of assault with intent to rape. It rarely happens that an assault is accompanied by such overwhelming and conclusive evidence of the intent with which it is committed as to require the jury to find that the assault was made with the intent to commit rape." It appears from the records of file in the office of the clerk, in the cases of *Wade*, supra, and *Gibson* v. *State*, 10 *Ga. App.* 117 (72 S. E. 944), that the evidence clearly disclosed that the intent of the person committing the assault was to have sexual intercourse with the female; and this without contradiction. In both cases sexual intercourse was actually attempted. These cases are therefore distinguishable from the present case. The cases of *Goldin* v. *State*, 104 *Ga.* 549 (30 S. E. 749), and *Davis* v. *State*, 41 *Ga. App.* 466 (153 S. E. 436), are also distinguishable; for in neither of those cases did the indictment charge in terms a battery.

Under the above authorities, we are of the opinion that the judge erred in failing to give in charge to the jury the principles of law appertaining to the offense of assault and battery.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*