## 29282. WEST v. THE STATE.

Decided January 21, 1942.

*H. A. Allen, Gertrude Harris,* for plaintiff in error.

*John A. Boykin, solicitor-general, Durwood T. Pye, J. R. Parham,* contra.

Broyles, C. J. The defendant was convicted of the offense of malicious mischief. His motion for new trial was overruled, and that judgment was excepted to. The sole contention in the brief of counsel for the plaintiff in error is that there was a fatal variance between the allegata and the probata, in that the indictment charged that the accused did wilfully and maliciously drive an automobile against an automobile truck of the Atlanta Fixture & Sales Company, with a reckless intent to do injury to said truck, and with intent to cause annoyance and trouble to W. T. Jones, the driver of said truck, and accused did cause injury and damage to said truck, while the evidence showed that the truck was not the property of said company, but was the property of W. T. Jones.

We can not agree to that contention. The undisputed evidence showed that W. T. Jones was an employee of the Atlanta Fixture & Sales Company, and that he had driven the truck in question to

the warehouse of the company at the corner of Foundry and Marietta Streets where the truck was damaged by the defendant. John Beavers (colored), another employee of the company, after testifying that the accused drove his automobile against the truck, testified as follows: "The truck that we were working on was the truck of the Atlanta Fixture & Sales Company. I was working for them at that time. After he [the accused] backed into the truck he driven away." Evidently, the witness, when he spoke of "the truck that we were working on," meant the truck that the accused backed into and damaged. The fact that Jones, the employee of the defendant and the driver of the truck, spoke of the truck as "my truck," and that Beavers, the negro employee, in another part of his evidence, called it "our truck," is insufficient to contradict the distinct testimony of Beavers that the truck was the property of the company. It is natural and customary for an employee who has charge of his employer's truck to refer to it as "my truck." There was no variance between the allegata and the probata.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*