### 29281. WEST *v.* THE STATE.

DECIDED JANUARY 21, 1942.

*H. A. Allen, Gertrude Harris,* for plaintiff in error.

*John A. Boykin, solicitor-general, Durwood T. Pye, J. R. Parham,* contra.

BROYLES, C. J. The defendant was tried on an indictment charging assault with intent to murder, and was convicted of shooting at another. The indictment alleged that he shot at John Beavers with a rifle, a weapon likely to produce death, with intent to kill said Beavers. The motion for new trial was overruled, and that judgment is assigned as error. The contention in the brief of counsel for the plaintiff in error is that the evidence for the State demanded a verdict for assault with intent to murder, and that the evidence for the defendant showed that he shot with intent to kill Beavers, but was justified, as he shot to protect himself, his home and his property "from what appeared to him to be a holdup." The contention further is that under such circumstances the court erred in instructing the jury upon the law of shooting at another. We see no merit in the contention. A reading of the brief of evidence discloses that neither the testimony for the State nor the testimony for the defense demanded a finding that the defendant shot at Beavers with the intent to kill him, while such testimony amply authorized a finding that he unlawfully shot at him. The evidence shows that the defendant shot several times at Beavers,

but did not hit him. It is well settled law that "To constitute the offense of assault with intent to murder, there must be a specific intent to kill. This intent is not necessarily or conclusively shown by the use of a weapon likely to produce death. The jury should have been given the discretion, under proper instruction from the court, to convict of a lesser offense included in the higher felony charged, if they believed that the evidence failed to show a specific intent to kill." *Lewis* v. *State*, 14 *Ga. App.* 503, 504 (81 S. E. 378); *Titshaw* v. *State*, 51 *Ga. App.* 60, 64 (179 S. E. 641). Under the above-stated ruling and the facts of the instant case, the court did not err in charging the law of shooting at another. The verdict was amply authorized by the evidence.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*