THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
RICARDO CASTRO, Defendant and Appellant.

No. 9679. Argued November 10, 1942.—Decided November 30, 1942.

*P. Pérez Pimentel* and *M. Velázquez Flores* for appellant. *George
A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attor-
ney (Fiscal), and Luis Negrón Fernández, Assistant Prosecuting
Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

The question to be decided in this case is whether a jury
may convict a defendant, as it did herein, of a breach of the
peace after such person has been accused of an attempt to
kill.

The facts were as follows: The District Attorney of Hu-
macao accused Ricardo Castro of the crime of attempt to
kill, consisting in having fired a revolver at José E. Martín
Aponte with malice aforethought and a firm and deliberate
purpose to kill him.

The defendant pleaded not guilty and asked for a trial
by jury. After the cause had been tried and the evidence
had been submitted, the judge, in instructing the jury, said
in part as follows:

"In this case, the court is going to instruct the gentlemen of the
jury on the crime of breach of the peace, for the court thinks that
such instructions are pertinent. From the evidence submitted by the
People it appears that this citizen, on that day armed with a revolver,
was firing such revolver and was showing it to certain persons. The
court is going to instruct you on breach of the pace.

"Any person who, not acting in self-defense, should brandish or
show in the presence of two or more persons some deadly weapon

in a violent, choleric or threatening attitude, or should make illegal use of said weapon in some struggle or fight will be guilty of misdemeanor. Such is one of the modes of the crime of breach of the peace with respect to weapons. Other modes are the following. . . ."

Counsel for the defense specifically objected to the above-mentioned instruction. The jury withdrew to deliberate and rendered a verdict of guilty of breach of the peace.

And in conformity with the verdict, the court sentenced the defendant to 60 days in jail and to pay a hundred dollar fine, without costs.

The defendant appealed, and assigned to the lower court the commission of three errors, namely, the instruction to the jury on the crime of breach of the peace, the acceptance of the verdict, and the pronouncement of the sentence. The *Fiscal* of this court held in his argument that the judgment must be reversed and the defendant exonerated.

Section 286 of the Code of Criminal Procedure (1935 ed.), provides that the jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense.

In applying that rule this court held in the case of *People* v. *Serrano,* 57 P.R.R. 486 that "under a complaint charging an aggravated assault defendant can not be convicted of a breach of the peace. The latter offense is not necessarily included in the one charged."

That case is closely related to the instant case.

The crime of attempt to kill is, like aggravated assault, a crime against the person among those provided for and punished in title 12 of the Penal Code—the attempt herein involved in §218 and the aggravated assault, which was the foundation of the case of *People* v. *Serrano, supra,* in the Act of March 10, 1904, p. 41, which replaced §237 of the Penal Code—while the crime of breach of the peace provided for and punished by §368 of the Penal Code, which is a part

of title 15, is essentially "against public peace and order." The nature of the first two and of the latter is different. It may be that some of its elements are the same, but it can not be held that the crime of breach of the peace is "necesrily included" in the crime of attempt to kill with which defendant was charged.

For a more lengthy analysis of this question, see 27 Am. Jur., Indictments and Informations, §§193 and 194, and the note to the case of *Watson* v. *State*, 116 Ga. 607, in 21 L. R.A. (N. S.) 1.

The appeal must be sustained, the judgment reversed and the defendant acquitted.

Mr. Justice Snyder did not participate herein.