33315. EATON *v.* THE STATE.

DECIDED DECEMBER 5, 1950. REHEARING DENIED DECEMBER 19, 1950.

P. Z. *Geer*, for plaintiff in error.

*Maston O'Neal, Solicitor-General,* contra.

GARDNER, J. 1. The court charged the jury as follows: "The defendant is allowed to make to the court and jury just such statement in his own defense as he sees fit. His statement is not under oath, it is not subject to cross-examination, and you

are authorized to give it such weight and credit as you think it is entitled to receive. The statement is not delivered under oath, and the defendant incurs no penalty if the statement is untrue. You may believe parts of the testimony and parts of the defendant's statement, and you may believe the defendant's statement in preference to the testimony, provided you believe the statement to be the truth. You may believe parts of the testimony and parts of the defendant's statement, you being the sole and exclusive judges as to what witness or witnesses and what testimony you will believe, and what credit, if any, you will give the defendant's statement." The defendant assigns these excerpts from the charge as being error. He does not contend that the foregoing principles of law were inaccurate or were incorrect statements of the law as to consideration by the jury of the defendant's statement; but insists that the court thereby reiterated this law, and that this unduly impressed the jury that the defendant's statement was not under oath and that they could believe or disbelieve the same, or any part thereof, as they saw fit. These excerpts from the charge are not subject to the criticisms urged. While it is good practice to charge on the defendant's statement in the exact language of the Code, § 38-415, the above charge was not error for that reason, but fully and clearly stated the law applicable to the credibility and weight to be given by the jury to the defendant's statement. The charge given did not tend to impress the jury unduly that they should be cautious in believing what the defendant said in his statement, as appeared from the charge dealt with in *Alexander* v. *State,* 114 *Ga.* 266 (40 S. E. 231). Neither is the ruling in the case of *Delk* v. *State,* 135 *Ga.* 312 (2) (69 S. E. 541), applicable under the facts here. The court did not in immediate connection with charging on the defendant's statement instruct the jury that they have no right to "Captiously set aside and disregard the testimony of a witness, that it is their duty to believe a witness, unless impeached, or his testimony is set aside in some method known to the law," as in the *Delk* case. This first special ground is without merit.

2. The defendant, in the second special ground, contends that the court erred in charging the jury as follows: "In that connection the court charges you that the warrant being for a

misdemeanor, that even with a warrant an officer can not legally kill one who flees from him to avoid an arrest for a misdemeanor. An officer, in executing a lawful warrant, is entitled to use whatever force is necessary to effectuate an arrest, but as the court has charged you, in misdemeanor, the officer has no right to kill one who flees from him to avoid an arrest for a misdemeanor." The defendant does not contend that the foregoing excerpts are not correct law, but that they unduly emphasized the contentions of the State. These excerpts from the charge did not unduly stress and emphasize the contention of the State that the defendant had shot or shot at the prosecutor, Harrell, as he was fleeing from the defendant to avoid an arrest for a misdemeanor. These charges were authorized by the evidence and clearly stated the law. Such charges were not argumentative, as the court held in *Wilson* v. *State*, 8 *Ga. App.* 816 (70 S. E. 193), as to the charges there dealt with. The charges here are not similar to those in the *Wilson* case. This special ground shows no error.

3. The court did not err, as contended by the defendant in his third special ground, in failing to charge the jury as follows: "It is the duty of every person arrested under legal process to quietly submit, and, in case the offender refuses to submit, the officer has the right to use such force as is necessary to accomplish the arrest." It is only under the defendant's statement that anything appears which might have authorized the jury to find that Harrell physically resisted arrest or attempted so to do. There was no request to charge the above. The fact that Harrell testified that he refused to be arrested, stating that he had the money to pay the check and costs, would not be such a resistance of arrest as would authorize the officer, on a misdemeanor warrant, to shoot the person he was seeking to arrest. In such a case, the officer could only shoot the person if the person he was seeking to arrest sought to harm him, that is, he could only act in self-defense to protect himself, as could any other person. As noted above, the jury were authorized to find that at the time of the shot Harrell had his hands up and was retreating backwards.

4. It is contended by the defendant, in the fourth and last special ground, that the State failed to prove the venue of the

offense charged and hence that a conviction is contrary to law. This is so, he sets up, because it does not appear in what county the offense was committed. The jury were authorized to find that the shooting took place in the county-line road, dividing Decatur and Seminole Counties. It does not appear on what side of the road, but just that the offense charged took place in that road. Code § 27-1103 provides that, "When an offense shall be committed on the boundary line of two counties, it shall be considered and adjudged to have been committed in either county, and an indictment for such offense may be found and tried, and conviction thereon may be had, in either of said counties." In *Roberts* v. *State,* 145 *Ga.* 78 (88 S. E. 559), it appeared that the offense there involved took place in a lane which divided two counties and was some 15 feet wide. The Supreme Court held that, in such a situation, an application of the above Code section was proper, and that the trial court properly gave the provisions thereof in charge.

It follows that the venue of the offense here charged was properly laid in Decatur County, and that the defendant's conviction was not contrary to law because the venue was not proved.

5. The verdict finding the defendant guilty of shooting at another was authorized under the evidence. A person may be indicted for assault with intent to murder under Code § 26-1401 and found guilty of shooting at another under § 26-1702. See *Rhinehart* v. *State,* 7 *Ga. App.* 425 (66 S. E. 982), and *Watson* v. *State,* 116 *Ga.* 607 (43 S. E. 32). In such a case, where the evidence fails to show intent to kill, the jury may properly find the defendant guilty of shooting at another. *West* v. *State,* 66 *Ga. App.* 550 (18 S. E. 2d, 511). The lesser offense is always included in the greater offense.

There was ample evidence tending to show that the defendant acted, in shooting at the prosecutor, without justification, and that a new trial would not be proper on the general grounds.

6. It follows that the court did not err in overruling defendant's motion for new trial, as amended.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*