## 35557. CHADWICK *v.* THE STATE.

CARLISLE, J. The defendant was tried and convicted of shooting at another under the following indictment for assault with intent to murder, which charges that the defendant did "unlawfully and with force and arms . . . with a certain pistol, certain revolver and certain gun, the same being a weapon likely to produce death in and upon one Hoyt W. Butler, a human being, in the peace of said State, then and there being did make an assault with the intent the said Hoyt W. Butler to kill and murder, and with the said certain pistol and certain revolver and certain gun which the accused then and there held and had, did then and there unlawfully, feloniously, and with malice aforethought, shoot at, toward, against and shoot him the said Hoyt W. Butler, giving to him, the said Hoyt Butler, a certain wound with the intent aforesaid, contrary to the laws of said State, the good order, peace and dignity thereof." The defendant's motion for a new trial, based solely on the general grounds, was denied, and he has brought the present writ of error to review that judgment.

1. One may be indicted for assault with intent to murder under Code § 26-1401 and be found guilty of shooting at another under Code § 26-1702, where the averments of the indictment describing the manner in which the greater offense was committed contain allegations essential to constitute a charge of the lesser offense. *Rhinehart* v. *State, 7 Ga. App.* 425 (66 S. E. 982); *Watson* v. *State, 116 Ga.* 607 (43 S. E. 32, 21 L. R. A. (NS) 1). And in such a case, where the evidence authorizes a finding that there was no intent to kill, the jury may properly find the defendant guilty of shooting at another. *West* v. *State, 66 Ga. App.* 550 (18 S. E. 2d 511); *Eaton* v. *State, 83 Ga. App.* 82 (62 S. E. 2d 677). The indictment in the present case comes within the rule stated. The defendant in his statement to the jury admitted the shooting, but denied that he shot with intent to kill, saying, "I shot sorter at that right arm he had in his pocket to scare him and it happened to hit him." The

evidence was in conflict as to the defendant's justification in shooting Butler and that issue was resolved against him by the jury. The evidence authorized the verdict, and the trial court did not err in denying the motion for a new trial, based solely on the general grounds.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED FEBRUARY 18, 1955.

*D. L. Lomenick, Jr.*, for plaintiff in error.
*Earl B. Self, Solicitor-General*, contra.