## GOLDIN v. THE STATE.

</div>

1. While every rape necessarily includes a battery, there may be an assault with intent to rape without committing a battery on the female assaulted.
2. As there can be no lawful conviction of an offense not charged in the indictment, a verdict finding a man guilty of assault and battery upon an indictment for assault with intent to rape, in which no battery is charged, can not stand.
3. This court certainly can not undertake to say that a trial judge erred in instructing a jury not to be guided by the law read to them by counsel, when the record does not disclose what "law" was thus read.

<div align="center">Argued May 16, — Decided May 25, 1898.</div>

Indictment for assault with intent to rape. Before Judge Janes. Haralson superior court. January term, 1898.

*E. S. & G. D. Griffith* and *Edwards & Edwards,* for plaintiff in error. *W. T. Roberts, solicitor-general, McBride & Craven, Head & Head* and *G. R. Hutchins,* contra.

LUMPKIN, P. J. The grand jury of Haralson county returned as true an indictment against W. A. Goldin for the offense of

assault with intent to commit a rape.    The only charge therein contained was that the accused " did attempt to commit a violent injury upon the person of one M. E. Pope, a female, and did then and there attempt to have carnal knowledge of her, the said M. E. Pope, forcibly and against her will, contrary to the laws of said State, the good order, peace and dignity thereof." Upon the trial of this indictment, the jury returned a verdict finding the accused guilty of assault and battery.    He made a motion for a new trial, which, among other things, alleged that the verdict was contrary to law and to the evidence, and that the court erred in charging the jury that " if the defendant went to the bed of Mrs. Pope, but not with the intent to use force, but to desist if he was resisted, but, without her consent and actuated by lust, touched her person with his hand or any part of his person, he would be guilty of an assault and battery." This charge was excepted to, on the ground that there was "no allegation in the indictment upon which to predicate such charge."    Other grounds of the motion complained of certain charges based upon the theory that a conviction of assault and battery could be lawfully had upon this indictment.    The motion also complains of alleged error by the judge in instructing the jury not to be guided by the law read to them by counsel on either side, but to take the law of the case from the court. The motion was overruled, and the accused excepted.

1, 2.    It is an elementary principle of criminal procedure, that no person can be convicted of any offense not charged in the indictment.    There may, of course, be a conviction of a lesser offense than that expressly named in the indictment, where the former is necessarily included in the latter, and also in some cases in which the lesser is not so included in the greater offense but where the language used in the indictment is sufficient to embrace the smaller offense.    An instance of the latter kind is afforded where a conviction of an assault and battery is had upon an indictment for assault with intent to murder, which either expressly or in effect alleges a battery.    There may be a felonious assault of this nature in the commission of which there is no battery, but if an indictment charges the felonious assault and in so doing alleges a beating, a conviction

of the misdemeanor, if supported by the evidence, will be upheld. See *Clark* v. *State*, 12 *Ga.* 350, and *Bard* v. *State*, 55 *Ga.* 319. But notwithstanding an intimation to the contrary by Justice Hall in the case of *Trowbridge* v. *State*, 74 *Ga.* 431, it can not, we think, be doubted that a conviction of assault and battery upon an indictment for assault with intent to murder, which does not charge any striking, beating or wounding, can not be sustained if attacked at the proper time and in the proper manner. Every rape necessarily includes a battery, for a man can not commit this crime without inflicting upon his victim a personal injury which is the legal equivalent of a beating. There may, however, be an assault with intent to commit a rape in which no battery actually occurs. We have at least two such instances in our own reports. See *Watkins* v. *State*, 68 *Ga.* 832, and *Jackson* v. *State*, 91 *Ga.* 322. There is no language in the indictment now under consideration which either expressly or by implication charges that Goldin committed any battery upon the person of Mrs. Pope. It follows as a necessary legal sequence that he has been convicted of an offense with which he was not charged, viz. a battery; and therefore the verdict is contrary to law.

3. While, in criminal cases, juries are, in a sense, judges of the law as well as of the facts, it is now well and firmly settled in this State that they must take the law from the court and judge of it as thus laid down to them. We are therefore not prepared to say that even if counsel in such a case should read to the jury extracts from law-books which were really pertinent, the judge, might not properly caution the jury not to be guided by what was thus brought to their attention, but to follow the rules enunciated and explained to them from the bench. Be this as it may, however, it does not appear in the present case that the charge complained of was not eminently proper. The record entirely fails to disclose what books or what "law" counsel read to the jury; and for aught that appears, the extracts relied upon by them may have been altogether inapplicable and misleading. If so, the jury certainly ought to have been instructed to disregard the same. Without being informed as to the truth of the matter, we would hardly be justified in

assuming that counsel correctly stated or read to the jury the law governing the case, and that consequently the accused has just cause of complaint because the jury were instructed that they were not to be guided thereby in arriving at a verdict.

*Judgment reversed.     All the Justices concurring.*