## JONES *v.* THE STATE.

1. Where in the trial of one charged with the offense of rape it appeared that the female alleged to have been ravished was over ten years of age, but of immature years, it was not error to charge, in effect, that the jury, in determining her capacity to consent to carnal knowledge of her person, might consider her physical and mental development.
2. There being evidence to support the verdict and the trial judge being satisfied therewith, this court must affirm his judgment refusing a new trial. LUMPKIN, P. J., and LITTLE, J., *dissenting.*

Submitted December 19, 1898.— Decided February 1, 1899.

Indictment for rape. Before Judge Hart. Jones superior court. October term, 1898.

*John R. Cooper*, for plaintiff in error.
*H. G. Lewis, solicitor-general*, contra.

FISH, J. Fletcher Jones was convicted of rape; and upon his motion for a new trial being overruled, he excepted. In the motion for a new trial complaint is made of the following parts of the judge's charge to the jury, viz.: "Between the ages of ten and fourteen, it would depend entirely upon her physical and mental development. To illustrate: cohabitation with a female under the age of ten years would be rape. She could not give her consent to the act of cohabitation; between the ages of ten and fourteen she can consent, if she is capable of consenting; if her mental and physical development is such that she is incapable of consenting, then her cohabitation with a person would be rape. . . If her physical and mental development was such that she could not consent, and you further find from the evidence that he cohabited with her, then such offense would be rape. . . You will look to the entire surroundings, the age of the person alleged to have been assaulted, her conduct then and there, her conduct then and since,

whether or not there was any outcry by her.  You will look to all the surroundings to determine whether there has been sexual intercourse forcibly and against her will."  Complaint. is further made of the refusal to give the following written request:  "Gentlemen, the prosecutrix in this case has been proven to be twelve years old, and if that is true, then I charge you she has reached the age in life at which the law says she is able to give her consent to sexual intercourse."

1. The portions of the charge of the court excepted to were substantially in accord with the decisions of this court upon the subject.  In the case of *Stephen* v. *State*, 11 *Ga.* 225, it appears from the record that the female assaulted was fifteen years of age, poorly grown, not of bright intellect, sickly, and that menstruation had not developed.  In that case it was held that the jury might consider her stature, constitution, and physical and mental development, in determining whether or not she had the capacity to understand the nature of the act and to give her consent thereto.  In the opinion Lumpkin, J., said: "The common-law principle is that a child under ten years of age is incapable of consenting. . . Now, it will be readily perceived that the period of ten years designated here is altogether arbitrary.  There is, and from the very nature of the case can be, no definite time fixed by law to infer puberty.  It depends more upon the constitution and habits of body of the party, than upon age.  In cities these developments are made earlier than in the country; there females are often found living in a state of open prostitution, at the early age of twelve or thirteen years.  The law, to be sure, has said, by implication at least, that where consent is given after ten years of age, a rape can not exist.  But this, after all, is a mere presumption, and may be rebutted."  In *Joiner* v. *State*, 62 *Ga.* 560, the second headnote is as follows:  "Where the person charged to have been ravished is only eleven years and three months old, it is not error to refuse a written request, 'that if the jury should find from the evidence that the girl, Emma Anderson, was mentally capable of consenting, though physically unable so to do, she being over ten years of age, and the defendant, she consenting, did have carnal knowledge of her, then it would be no rape'—the law,

as ruled in 11 *Ga.* 225, having been given fully to the jury on the subject of consent at such an age and under the facts of the case." Again in *Pounds* v. *State*, 95 *Ga.* 475, this court recognized as correct a charge of the trial judge to the effect, that although the girl assaulted was over ten years old, yet if she was a child in stature, constitution, and physical and mental development, and the jury believed, from her age and appearance, that she was incapable of consenting, the accused would be guilty, although she made no objection to the intercourse; the judgment being reversed because the court failed to further charge the jury that if they believed she was capable of consenting and did actually consent, the accused should be acquitted.

In the case now under consideration, the evidence showed that the girl alleged to have been ravished was between twelve and thirteen years old at the time the accused had carnal knowledge of her person, and lacked several months of being thirteen at the time the case was tried. We think, therefore, that the rulings in the three cases above cited were clearly applicable to the facts of this case. It is contended by the plaintiff in error, that no evidence in reference to her mental and physical development was introduced, and that it was therefore erroneous for the court to charge the jury as above set forth. An examination of the record shows that evidence as to her physical development was introduced; for her mother testified that the girl had "never had her monthly sickness." The girl was the main witness for the State, and as such was examined and cross-examined in the presence of the jury. The jury had the right, in forming an opinion with reference to her capacity or want of capacity to consent to sexual intercourse, to take into consideration facts discovered by their own observations of the girl herself, her apparent physical development, her manner of testifying, and the degree of intelligence manifested by her while being examined as a witness. Certainly neither the development of her mind nor that of her body could have been greater at the time when the testimony showed that the alleged rape was committed than it was when the jury saw her and heard her testify. Owing to the shortness of the interval between the commission of the act by the defendant and her appearance before

the jury as a witness, the jury could form a reasonably accurate idea of what her mental and physical development must have been on the day that the sexual intercourse took place. The charges excepted to being substantially correct, there was no error in refusing to give the written request of the accused.

2. The jury believed, from the evidence submitted in behalf of the State, that the accused was guilty of the offense charged against him in the indictment; the trial judge approved their verdict of guilty; and this court must affirm his judgment overruling the motion for a new trial.

*Judgment affirmed. All the Justices concurring, except*

Lumpkin, P. J., and Little, J., dissenting. We think the evidence in this case, taken all together, shows too strongly both physical and mental capacity on the part of the female to consent to sexual intercourse to warrant a finding to the contrary. We also think that the evidence, as a whole, shows that she did not really resist the accused, and that her conduct amounted to consent. For these reasons, we are of the opinion that the verdict was contrary to law, and should be set aside.