## JOINER *v.* THE STATE.

FISH, C. J. 1. Where the charge of the court upon the trial of one indicted for rape does not submit to the jury the question whether the female upon whom the offense is alleged to have been committed was capable of consenting to the act of sexual intercourse, but all the instructions of the court upon the question of her consent or non-consent to such act are apparently based upon the assumption that she was legally capable of consenting, and there is nothing in the motion for a new trial, or the record accompanying the same, which shows that the State contended that the female in question was incapable of consenting to sexual intercourse because she had not arrived at the age of puberty, a ground of such motion assigning error upon the failure of the court to instruct the jury that the burden was upon the State to show that the female alleged to have been raped had not reached the age of puberty is clearly without merit.

2. A point not raised by any assignment of error in the motion for a new trial, though argued in the brief of counsel for plaintiff in error, can not be considered.

3. The evidence was sufficient to support the verdict.

　　　　　　　*Judgment affirmed.　All the Justices concur.*

Argued October 18,—Decided November 17, 1909.

Indictment for rape. Before Judge Rawlings. Emanuel superior court. July 15, 1909.

*Saffold & Larsen,* for plaintiff in error.

*John C. Hart,* attorney-general, and *Alfred Herrington,* solicitor-general, by *Hines & Jordan,* contra.