### 30522. CHAPPELL *v.* THE STATE.

DECIDED MAY 19, 1944.

*Casey Thigpen,* for plaintiff in error.

*J. Cecil Davis, solicitor-general,* contra.

BROYLES, C. J. Tom Chappell was indicted for murdering his wife, and was found guilty of voluntary manslaughter.

Special ground 1 of his motion for new trial alleges that the court erred in charging the law of "confessions," when no confession by the accused was shown by the evidence. The evidence as to the so-called confession occurs in the testimony of Dr. Earle, a witness for the State, as follows: "I said [to the accused], your wife was choked to death," and without hesitation he said, "Yes, that is right." I said, "Why did you do it?" He said, "Well,

148

she drew a gun on me and I knocked the gun out of her hand, and then I grabbed her by her throat, and she went down and she scrambled a little bit, and when I turned loose and she quit scrambling, I looked and she was dead." We do not think that the above-stated admissions of the accused amounted to a confession that he had murdered his wife. On the contrary, they were merely incriminatory admissions. "When a person admits only certain facts, from which the jury may or may not infer guilt, there is no confession." *Covington* v. *State, 79 Ga.* 687 (7 S. E. 153). "Proof of an inculpatory statement will not authorize a charge upon the subject of confession." *Riley* v. *State, 1 Ga. App.* 651 (57 S. E. 1031). In our opinion the charge complained of was reversible error. The remaining special ground of the motion for new trial, based upon the charge given on the law of voluntary manslaughter, is without merit. The evidence authorized the charge.

Under the facts of the case, the verdict was authorized, but not demanded. The jury would also have been authorized to find the defendant guilty of involuntary manslaughter in the commission of an unlawful act, or guilty of involuntary manslaughter in the commission of a lawful act without using necessary discretion and caution, and the court properly charged upon those offenses.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*