28603. ROBINSON v. THE STATE.

HALL, Justice.

Willie E. Robinson appeals from his conviction of

rape and sentence to life imprisonment. The trial evidence tended to show that the victim, a six-year-old girl, after a 30 minute absence from her home came back streaming blood and crying and told her mother that she had been "raped." The child underwent surgery to repair damage to the reproductive organs and was hospitalized for two days. In an attempt to eliminate medical evidence concerning the child's injuries, defense counsel twice offered at trial to stipulate that the child was "raped." The sole defense was alibi, Robinson giving a sworn statement placing himself elsewhere during the time of this attack. An investigating officer testified that he had talked to the victim and "she told me that a man had carried her upstairs into an apartment house on the corner and had raped her. She said that after he finished and went downstairs that she was scared to go back down the stairs. She thought that he was still on the stairs, so there was an air conditioning vent in this apartment where a wall air conditioner could be put in — the child crawled through it from the second floor and jumped to the ground. I found her shoes there where she jumped." Robinson was apprehended by officers because he fit the child's description of her assailant including his wearing a peculiar, large silver belt buckle. The physical evidence included a piece of carpet from the scene of the attack containing blood of the victim's type and hair matching Robinson's.

The record has been presented in the foregoing detail to show that despite the victim's age, which might in other circumstances have justified consideration of statutory rape under Code Ann. § 26-2018, the record here is devoid of indications that the attack was other than forcible rape under Code Ann. § 26-2001, which was charged in the indictment. The only question presented by the alibi defense was whether Robinson was the perpetrator.

The state additionally introduced the following in-custody, written "confession" by Robinson: "I remember I was walking down this street and I seen this house but I did not go in the first time and I seen a little girl about four (4) houses up the street on Ellis St. and she was on a bicycle then, but when I crossed the street I sat down

on the sidewalk and my head started hurtin [sic] and I crossed back over and she was 2 houses away from this house and she had got off her bicycle then, and then I started up the street on the other side and crossed over then and started walking back down to the house and then I went to the house and seen a letter and I asked the little girl if she would see if this that girl lived here and then we went to the door that was open and then I asked her to go up and she went up halfway and she ran back down. I ran back and grabbed her when she started hollering and my head started hurting again and we ran upstairs. I took my cap and placed it on her face and I was laying sideways and my head started hurtin [sic] again. I might have pulled her pants off and everything started getting fuzzy and after ten (10) minutes I ran back down stairs and looked up and down the street and then ran to my house and washed my hands and used the bathroom and I put my shorts in a bag and came down stairs and threw the bag in the trash can and ran to my mother-in-law's house. This is the end of my statement."

An officer who testified in regard to the written statement testified that Robinson had been told that he was accused of the rape of a six-year-old child, and that before he agreed to give the written statement, "he said he would tell us the truth and that he'd done it." The state also introduced testimony by Robinson's wife that "I told him that what he had done to that little girl was wrong, and he said he knowed that and he was sorry because it was a shame to me and Charles [her son]."

1. Enumeration 1 urges error in denying Robinson's new trial motion made on the general grounds and on other grounds the overruling of which are separately enumerated as error and discussed below. The record detailed above shows the evidence was ample to sustain the verdict and this enumeration on the general grounds is without merit.

2. It is contended in enumerated error 2 that the court erred in charging the jury with reference to the law of confessions because Robinson's statement was not a "confession" in that it failed to acknowledge all the elements of the crime, specifically not admitting penetration. Where the accused has made only an

incriminating statement and not a confession, it is prejudicial error to charge the law of confession. E. g., *Pressley v. State,* 201 Ga. 267, 272 (39 SE2d 478).

Although it has often been stated that to amount to a confession the statement of the accused must admit all the essential elements of the crime, e.g., *Bloodworth v. State,* 216 Ga. 572 (118 SE2d 374), study of the cases distinguishing between admissions and confessions shows that the true determinant is whether the statement is offered by the accused as exculpatory or inculpatory, see *Covington v. State,* 79 Ga. 687, 691 (7 SE 153); *Owens v. State,* 120 Ga. 296, 298 (48 SE 21); *Fletcher v. State,* 90 Ga. 468 (17 SE 100). That is, a mere incriminating statement is made where the accused, though admitting to damaging circumstances, none-theless attempts to deny responsibility for the crime charged by putting forward exculpatory or legally justifying facts. Thus, "A statement which includes facts or circumstances which show excuse or justification is not a confession of guilt even if it admits the main fact" (*Norrell v. State,* 116 Ga. App. 497, 487 (157 SE2d 784)), and "When a person admits only some subordinate fact or series of facts *from which the jury may or may not infer guilt* and which would be true whether the main fact existed or not, there is no confession." Id., p. 486. (Emphasis supplied.) A confession, as distinct from an incriminating admission, is a statement inconsistent with the possibility of accused's innocence of the crime charged: "An admission of the main fact, from which the essential elements of the criminal act may be inferred, amounts to an admission of the crime itself. If the main fact is admitted with a qualifying exclusion of a necessary ingredient of the crime charged, the crime is not confessed." *Owens v. State,* 120 Ga. 296, 299, supra. Thus, for example, the accused's statement[1] in *Chappell v. State,* 71 Ga. App. 147 (30 SE2d 289) was held not to be

1.  " 'I said [to the accused], your wife was choked to death,' and without hesitation he said, 'Yes, that is right.' I said, 'Why did you do it?' He said, 'Well, she drew a gun on me and I knocked the gun out of her hand, and

a confession, when the statement itself injected the theory of self-defense; and the statement in *Bloodworth v. State,* 216 Ga. 572 supra, that accused "tried to have intercourse with her and she started to crying and he stopped" was held not to be a confession where accused affirmatively stated that he abandoned the criminal enterprise before completion of it.

Applying this discussion to Robinson's statement, it is true as Robinson contends that the statement makes no mention of penetration, and states only that "everything started getting fuzzy." However, Robinson, unlike Bloodworth, nowhere stated that he abandoned his attempt. The concluding portion of Robinson's statement concerns his subsequent efforts to conceal evidence of the crime. These factors distinguish *Bloodworth* and make of the statement under consideration a confession because the attack in question upon the child has been admitted, subject to a memory lapse, without exculpation or justification, and the statement is not one from which the jury could infer innocence. The attack admitted by the statement was shown by the other evidence to have been forcible rape. The statement, taken as a whole, can only be thought to have been given by Robinson for the purpose of assuming responsibility for the crime charged, as he assumed it in the oral statements to which an officer and his wife testified. All these statements taken together constitute a confession, and there was no error in the trial court's charging on confession.

3. It is asserted in enumerated error 3 that the trial court erred in failing to charge on the lesser crimes of enticing a child for indecent purposes, assault with intent to commit rape, molestation of a child, and assault and battery. The testimony of the medical doctors who examined the victim made it very clear that the offense charged had been completed, and therefore it was not error to fail to charge lesser included crimes. *Payne v.*

---

then I grabbed her by her throat, and she went down and she scrambled a little bit, and when I turned loose and she quit scrambling, I looked and she was dead. . . '" 71 Ga. App. 147.

*State,* 231 Ga. 755 (1).

4. The appellant contends in enumerated error 4 that the court erred in charging on both statutory rape and forcible rape. Life imprisonment, to which Robinson was sentenced, is a more severe punishment than is authorized for statutory rape. Robinson was not indicted for statutory rape but for forcible rape only and the jury were told that their only three possible verdicts were "guilty" (of forcible rape under Code Ann. § 26-2001) "not guilty" and "not guilty by reason of insanity." However, at one point in his charge the trial court gave the following instruction concerning statutory rape which carries a lighter penalty: "Now, members of the jury, should you believe that the female alleged to have been raped was under the age of fourteen years, the following principles of law would govern you. A person commits statutory rape when he engages in sexual intercourse with a female under the age of fourteen years, not his spouse, provided that no conviction shall be had for this offense on the uncorroborated testimony of the female . . . Members of the jury, if you should believe beyond a reasonable doubt the defendant did have carnal knowledge of or sexual intercourse with the female alleged to have been raped and that she was at the time under fourteen years of age and that he did—that he had not previously become lawfully married to such female, you would be authorized to find him guilty."

Thus, the charge of the judge permitted the jury to find Robinson guilty of forcible rape (Code Ann. § 26-2001; Ga. L. 1968, pp. 1249, 1299), under a definition of statutory rape, and to impose a sentence of life imprisonment which could not be imposed for statutory rape. Specifically, under the instructions as given, the jury were in effect authorized to find Robinson guilty of forcible rape without being required to find that force was used. This was error on the part of the trial court, and unless it was harmless error it must be conceded to have due process dimensions. Our inquiry must be whether on *this* record taken as a whole prejudicial error has occurred. While acknowledging the difficulty of the question, we conclude that the error was not prejudicial because there was nothing in the record which would

authorize the jury to find that intercourse with the victim occurred other than forcibly. It is of importance to this point that Robinson's sole defense was alibi; he at no time claimed to have had a consensual contact with the victim. Moreover, Robinson's confession contained elements of force, and his attorney twice offered to stipulate that rape had occurred. Thus, on the specific facts of this particular record presenting overwhelming evidence of guilt, we hold this error to have been harmless because it did not adversely affect Robinson's substantial rights and did not deprive him of a fair trial. See generally *Dill v. State,* 222 Ga. 793, 794 (152 SE2d 741); *Burns v. State,* 191 Ga. 60, 73 (11 SE2d 350); *Cauley v. State,* 130 Ga. App. 278, 288 (203 SE2d 239). This decision also comports with the harmless error reasoning set forth in Harrington v. California, 395 U. S. 250, 254 (89 SC 1726, 23 LE2d 284) and Chapman v. California, 386 U. S. 18, 24 (87 SC 824, 19 LE2d 705, 24 ALR3d 1065) though those cases, unlike this one, considered errors of constitutional magnitude.

5.  It is asserted in enumerated error 5 that the court erred in its charges to the jury on rape and statutory rape in not stressing to the jury the necessity of some degree of penetration. Under the evidence in the case and for reasons detailed above, there was no error in failing to stress this point.

6.  It is contended in enumerated error 6 that the court erred in allowing hearsay testimony by the mother and the investigating officer to be admitted to the jury on the basis that it corroborated "testimony" concerning the rape, when there was no direct testimony by the victim. The child did not testify on the trial. Her mother was allowed to relate the statement made by the child when she returned to her home immediately after the offense.

This evidence was admissible, not as corroboration of the young victim, since she did not testify on the trial, but as a part of the res gestae of the transaction. Such an outcry on the part of a child six years of age, immediately after the transaction, would certainly come within the rule concerning res gestae that it be free from the suspicion of device or afterthought. Code § 38-305; *Hooks v. State,* 215 Ga. 869, 872 (114 SE2d 6); *Conoway*

*v. State,* 171 Ga. 782, 784 (156 SE 664). The fact that a child is too young to be a competent witness does not preclude the admission in evidence of her declarations as part of the res gestae. 65 AmJur2d 808, Rape, § 80.

7. Enumerated error 7 contends that the court erred in instructing the jury on corroboration of the "testimony" of the injured female, and that they should determine whether the "testimony" of the female had been sufficiently corroborated. The child did not testify. The trial court's language constituted a slip of the tongue, but such slips are not necessarily grounds for reversal. See *Wingfield v. State,* 231 Ga. 92, 98 (200 SE2d 708). This slip should not have resulted in confusing or misleading the jury.

8. The 8th enumerated error contends that the evidence was not sufficient to corroborate Robinson's confession, the injured child not having identified Robinson and no other evidence having been introduced sufficient to identify the appellant as the perpetrator of the crime.

There was sufficient circumstantial evidence to corroborate the appellant's confession, and there is no merit in this contention.

9. It is contended in enumerated errors 9 and 10 that the court erred in admitting in evidence the waiver of constitutional rights signed by Robinson, and his confession, because he was not mentally capable of understanding his constitutional rights or making a voluntary admission of guilt.

There was testimony by a psychiatrist who had examined him that he was "functioning in the borderline of mental retardation." This psychiatrist testified that he considered Robinson mentally competent insofar as understanding his relationship to other persons and what they were telling him. Robinson had spent some of his childhood years in a school for the mentally retarded. After leaving the school, he had married, and he was employed at the time the offense was committed.

Under the evidence submitted, it was not error to find that he had mental competence to waive his constitutional rights and to make the written admissions.

10. The 11th enumerated error complains that the

court erred in allowing the appellant's wife to testify regarding a confidential communication between herself and her husband, the communication itself having been set forth earlier.

The wife is a competent witness against her husband in a criminal trial. Code § 38-1604, as amended by Ga. L. 1957, p. 53. No objection was made at the trial to the evidence complained of in this enumerated error, and the question of whether it should have been excluded as a confidential communication between husband and wife can not be made on the appeal. *Holloway v. Hoard,* 140 Ga. 380, 381 (78 SE 928).

No reversible error having appeared, the judgment will be affirmed.

*Judgment affirmed. All the Justices concur, except Ingram, J., who dissents.*

ARGUED FEBRUARY 11, 1974 — DECIDED APRIL 4, 1974 — REHEARING DENIED APRIL 23, 1974.

*Harrison, Jolles & Miller, Howard S. Bush,* for appellant.

*Richard Allen, District Attorney, Arthur K. Bolton, Attorney General, William F. Bartee, Jr., Assistant Attorney General, Thomas P. Burke, Deputy Assistant Attorney General,* for appellee.