### 29975. McFALL v. THE STATE.

UNDERCOFLER, Presiding Justice.

Donald Larry McFall was found guilty on an indictment charging him with forcible rape. He was sentenced by the judge to serve ten years in prison. He appeals to this court.

1. The appellant moved to suppress the certain statements made by him and a Jackson-Denno hearing (378 U. S. 366 (84 SC 1774, 12 LE2d 908)) was held to determine their voluntariness. The appellant contended at this hearing that he was intoxicated and that his written confession was obtained after he was promised that the state would not charge him with kidnapping.

The record shows that the victim went with the police officers to the appellant's apartment and identified him as her assailant; that he was placed under arrest and informed of his constitutional rights, that he affirmatively indicated that he understood his rights; that the appellant stated to the officers that he wanted the victim to look straight at him and tell him that he raped her; that the victim did, and the appellant started crying and stated, "I did it . . . I raped her"; and that immediately thereafter, he asked the interrogating officer if it would go easier on him if he told the truth. The officer told him he could make no promises to him but would inform the district attorney that he had been cooperative. He was

asked if he would make a written statement about what occurred that night and he said that he would. The officer testified that the appellant had a faint odor of alcohol on him but he was steady on his feet and talked well; that he explained the rape penalty to him and also told him of the kidnapping statute; and that he did not tell him he would not be charged with kidnapping if he signed the statement.

The trial court overruled the motion to suppress the confessions. In *Johnson v. State,* 233 Ga. 58(209 SE2d 629) this court said: "Factual and credibility determinations of this sort made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous," citing Lego v. Twomey, 404 U. S. 477 (92 SC 619, 30 LE2d 618) and United States v. Watson, 469 F2d 362. Also *High v. State,* 233 Ga. 153 (210 SE2d 673).

It follows that there is no merit in the argument that the motion to suppress should have been sustained.

2. The appellant contends that the trial court erred in charging the jury at the state's request that when an act of sexual intercourse with a girl under the age of fourteen is shown, the law supplies the essential element of force. The appellant was charged with forcible rape (Code Ann. § 26-2001; Ga. L. 1968, pp. 1249, 1299) and not statutory rape (Code Ann. § 26-2018; Ga. L. 1968, pp. 1249, 1302).

The age of the victim was not shown in the indictment. In *Echols v. State,* 153 Ga. 857, 860 (113 SE 170) this court dealt with this same question. There we said: "It has already been decided by this court that 'upon the trial of an indictment for rape it is competent to show that the female upon whom the crime was alleged to have been committed was under ten years of age, though the indictment contained no such allegation.' *McMath v. State,* 55 Ga. 303. This case furnishes authority, therefore, for the admission of evidence that the female was unable to consent in a case where the indictment contained no allegation as to age. It would seem to follow necessarily from this ruling that the court is authorized to charge the principle of law that a female under fourteen years of age cannot consent, where the indictment contains no allegation as to age; for surely if evidence can

be admitted on the question, the court can charge the jury the law in reference thereto. And see the case of *Stephen v. State,* 11 Ga. 225, where the indictment charged that the accused then and there, 'forcibly and against her will, feloniously did ravish and carnally know' a named female, and where the indictment contained no allegation as to her age. See also *Gosha v. State,* 56 Ga. 36, where it was ruled: 'An infant under ten years of age cannot consent to sexual intercourse, and the fact that such is her age is conclusive that the act is done forcibly and against her will.' " Also *Wright v. State,* 184 Ga. 62 (4) (190 SE 663); *Latimer v. State,* 188 Ga. 775 (1) (4 SE2d 631).

The only change which the 1968 Criminal Code made in the rape law of this state as previously defined by statute and case law was to reduce the punishment for statutory rape to one to twenty years. Code Ann. § 26-2018 (Ga. L. 1968, pp. 1249, 1302). Therefore, it now becomes incumbent upon the court to instruct the jury to find either statutory rape or forcible rape where both are in issue in order that the appropriate punishment may be imposed. See *Robinson v. State,* 232 Ga. 123, 128 (205 SE2d 210). In the instant case we find the failure to so instruct harmless since the appellant was sentenced to ten years imprisonment which penalty can be imposed for either statutory rape or forcible rape.

It follows that the charge was not error.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who dissent.*

ARGUED JUNE 11, 1975 — DECIDED SEPTEMBER 12, 1975.

*Harvey A. Monroe, Paul McGee,* for appellant.

*William H. Ison, District Attorney, Clarence L. Leathers, Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Staff Assistant Attorney General,* for appellee.

INGRAM, Justice, dissenting.

In my opinion, several fundamental principles of law have to be ignored in this case to agree with the majority opinion. The indictment charged that the accused "did have carnal knowledge of [the victim] a female, forcibly

and against her will . . ." The defendant pleaded not guilty to this indictment and the case went to trial. The defense was that the intercourse was consensual rather than forcible. The state requested the trial judge to charge the jury in effect that the law supplies the essential element of force when the female is under age 14. There was evidence that this female was under age 14 and the jury convicted the defendant by a general verdict of guilty.

The majority opinion affirms the conviction and holds the charge was not error. In my judgment, this conclusion is incorrect. The indictment alleges no fact whatsoever pertaining to the age of the victim. Such a fact is essential to an indictment for statutory rape since consensual intercourse with a female who is not under age 14 is not rape. Code Ann. § 26-2018. "It is an elementary principle . . . that no person can be convicted of an offense not charged in the indictment. There may, of course, be a conviction of a lesser offense than that expressly named in the indictment, where the former is necessarily included in the latter, and also in some cases in which the lesser is not so included in the greater offense but where the language used in the indictment is sufficient to embrace the smaller offense." *Goldin v. State,* 104 Ga. 549, 550 (30 SE 749). See also, *Gearin v. State,* 127 Ga. App. 811 (195 SE2d 211). However, under the circumstances of this case, I do not see how statutory rape can be considered a lesser included offense of forcible rape.

The age of a female is not essential to an indictment for forcible rape because force, not age, is the critical factor. The age of a female is essential to an indictment for statutory rape because age is the critical factor in that crime. We might have a different question if the present indictment for forcible rape alleged that the female was under age 14. But it does not. It makes no mention of age. The only way I can understand the rationale of the majority opinion is by applying the rule in civil cases that the evidence amended the pleadings. I have never heard of it being done in a criminal case because constitutional due process will not permit it. "Conviction upon a charge not made would be sheer denial of due process." De Jonge v. Oregon, 299 U. S. 353, 362. Due process requires that the accused shall be informed as to charges against him so

that he may be enabled to present his defense. Berger v. United States, 295 U. S. 78, 82.

In this case, appellant was charged only with forcible rape under Code Ann. § 26-2001. Consequently, the crime of statutory rape was not an issue in the case and it was error for the trial judge to instruct the jury in effect that if the evidence showed the female was under age 14, this was equivalent to proof that force was used to accomplish the intercourse. This charge removed the element of force in a forcible rape case and allowed a conviction of a crime requiring force without any proof of force. The jury returned a verdict of guilty but did not specify whether it was for forcible rape or statutory rape. In either event, I believe it was unauthorized because the jury was not required to find force to convict for forcible rape and the indictment did not charge statutory rape. The majority opinion approves a commingling of the elements and evidence required for these two separate offenses to affirm the conviction but I cannot do so. Under the rationale of the majority, an accused can be charged with forcible rape, convicted of that offense by proof only of statutory rape and receive life imprisonment or death as punishment, neither of which is authorized under the law for statutory rape. Such a result is constitutionally impermissible in my opinion.

I am authorized to state that Justice Gunter joins in this dissent.