## 51286. NELSON v. THE STATE.

PANNELL, Presiding Judge.

The defendant was indicted for rape. The jury found him guilty of statutory rape, and the court imposed a sentence of ten years. Defendant made a motion for new trial and a motion in arrest of judgment. Both motions were overruled. The defendant appeals the judgment of conviction and denial of his motion for new trial. *Held:*

1. The indictment charged appellant with the offense of rape in that he "did have carnal knowledge of the person of . . . a female, under the age of fourteen years, not being the wife of the accused, forcibly and against her will." Appellant contends that said indictment was void because it improperly joined two distinct and separate offenses, rape and statutory rape, into one count of the indictment. If two offenses are charged in one count, the indictment is fatally defective, and no judgment can be pronounced thereon; and the judgment should be reversed. *Long v. State,* 12 Ga. 293, 314.

We do not agree that the indictment in the present case charged two separate and distinct offenses. The indictment charged defendant only with the one offense of

"rape." In a prosecution for rape, the state is allowed to prove that the victim is under fourteen years of age and thus prove the offense of statutory rape. This is true even where the defendant is not specifically charged with statutory rape and there is no averment of the victim's age in the indictment. See *McFall v. State,* 235 Ga. 105 (218 SE2d 839). In the present case, the defendant was given notice by the factual averments in the indictment that the victim was under fourteen years of age. It would be irrational to allow the state to prove the victim's age in the absence of an averment in the indictment and not allow such proof where the defendant was given notice of such fact by the allegations of the indictment.

Further, there may be a conviction of a lesser offense, even if such offense is not included in the greater offense, where the language used in the indictment is sufficient to embrace the smaller offense. *Goldin v. State,* 104 Ga. 549, 550 (30 SE 749). This was precisely the situation in the present case. Although the defendant was charged with the one offense of rape in the indictment, the language used in the indictment alleged statutory rape; and a conviction of statutory rape, if supported by the evidence, should be upheld. The trial court committed no error in overruling appellant's motion in arrest of judgment.

2. There was no error in charging the jury as to the offense of statutory rape. Both statutory rape and forcible rape were in issue, and it was incumbent upon the court to instruct upon each in order that the appropriate punishment might be imposed. See *McFall v. State,* 235 Ga. 105, 107, supra.

3. "Prejudicial questions or statements purportedly in violation of Code § 81-1104 are not reversible error in the absence of a motion for mistrial or other objection." *Miller v. State,* 122 Ga. App. 553, 555 (177 SE2d 838).

4. Appellant urges error in the court's charging the jury regarding the desirability of reaching a verdict by way of the language of *Ratcliff v. Ratcliff,* 219 Ga. 545, 546, 547 (134 SE2d 605). He argues that such charge operates to induce the jury to reach a verdict in derogation of their oaths as jurors. The Supreme Court has held otherwise: "The recharge assigned as error did not tend to coerce agreement and verdict by requiring surrender of

conscientious convictions by individual jurors." *Ratcliff,* supra, p. 545. See also *Ponder v. State,* 229 Ga. 720 (194 SE2d 78).

5. Appellant's enumeration of error No. 5 is abandoned.

6. The verdict of guilty was supported by the evidence.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED OCTOBER 9, 1975 — DECIDED DECEMBER 3, 1975.

*Berglund & Richardson, K. Reid Berglund,* for appellant.

*Lewis R. Slaton, District Attorney, H. Allen Moye, Joseph J. Drolet, Assistant District Attorneys,* for appellee.

