## 30727. JOINER v. THE STATE.

NICHOLS, Chief Justice.

The defendant was convicted in Fulton County Superior Court for the offense of armed robbery and sentenced to life imprisonment. His motion for new trial was overruled and he appeals to this court.

1. Defendant contends in the first enumeration of error that the evidence was insufficient to sustain the verdict. The victim was the owner of a laundromat. He testified that on the night of the robbery a man came into his place of business, put some clothes in one of the washers and left without starting it; that as he left, the appellant entered and walked up to the drink machine, then turned and put a gun to the victim's head and demanded his money. He further testified that the keys to the laundromat were also taken from his pocket, and that several days later the laundromat was burglarized but no visible signs of forcible entry were found. There was also testimony that a rifle taken in the burglary was traced to

the appellant. The victim identified the appellant in a lineup and in court. The appellant admitted on the trial of the case that he knew about the robbery before it took place, but that he was the one who came in first and put the clothes in the washer and that his roommate was the second man to enter and it was his roommate who actually committed the armed robbery. The evidence was sufficient to sustain the verdict and there is no merit in the usual general grounds of the motion for new trial.

2. The second enumeration of error complains of the admission in evidence of testimony as to the burglary.

The general rule is that evidence of a distinct, separate and independent offense is inadmissible on the prosecution for another crime, but to this rule there are several exceptions. The exceptions to the foregoing rule all rest on the proposition that there must be "some logical connection between the two, from which it can be said that proof of the one tends to establish the other." *Cawthon v. State,* 119 Ga. 395, 408 (46 SE 897). *Hunt v. State,* 233 Ga. 329 (211 SE2d 288) (1974); *Thomas v. State,* 234 Ga. 635 (217 SE2d 152) (1975). The evidence of the second crime in this case is admissible as bearing on the identity of the accused and one of a system of mutually dependent crimes. There was no error in admitting the evidence of the burglary and this enumeration of error is without merit.

3. The third enumeration of error complains of preliminary instructions given the jury. The court informed the jury that the state, having the burden of proof, puts up its evidence first and after that the defendant puts up evidence. This instruction given prior to the opening statements by either side merely informed the jury of the general procedure to be followed and did not amount to a comment on the defendant's failure to testify. See *Woodard v. State,* 234 Ga. 901, 904 (218 SE2d 629) (1975) and Code §§ 38-103, 38-415.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 21, 1976 — DECIDED APRIL 6, 1976.

*Stephen M. Friedberg,* for appellant.

*Arthur K. Bolton, Attorney General, Lois F. Oakley, Assistant Attorney General, Lewis R. Slaton, District Attorney*, for appellee.