## 32035. DRAKE v. THE STATE.

HALL, Justice.

In November, 1976, Drake was convicted of forcible rape of his 9-year-old daughter, and sentenced to 20 years. The indictment charged that Drake "did engage in sexual intercourse with . . . [victim] a female child under the age of 14 years, not his spouse, forcibly and against her will." It thus charged the elements of forcible rape (Code Ann. § 26-2001) and statutory rape (Code Ann. § 26-2018). The evidence showed that the victim yielded to the act sufficiently that no physical force was used; however, she testified that she did so out of fear that her father would beat her and her mother if she did not.

1. Drake enumerates error on the trial court's jury charge concerning forcible rape that lack of consent was conclusively shown by the victim's age. The trial court correctly charged that for forcible rape three elements must be shown — sexual intercourse, lack of consent, and force. He charged that the victim's age here conclusively showed lack of consent; but that force must appear, if at all, from the evidence. He then charged on statutory rape, charging that whether or not consent was given and whether or not force was used were irrelevant. He then instructed the jury that (in addition to a verdict of not guilty) they could find Drake guilty of forcible rape or of statutory rape; in the first instance they should write merely "guilty" and in the second instance "guilty of statutory rape." The verdict rendered, "guilty," was then properly interpreted as a verdict of guilty of (forcible) rape.

Appellant argues that the court erred in charging that where the prosecutrix is under 14 years, lack of consent is conclusively proved. He urges that if lack of consent can be shown by the victim's age, then there is no difference between statutory rape and forcible rape. The argument totally overlooks the fact that force must be shown to convict of forcible rape, and incorrectly blends the wholly separate elements of force and lack of consent.

The new rape statute which was enacted with the 1968 Criminal Code does not use the term "consent" as such. It states, "A person commits rape when he has [1]

*carnal knowledge* of a female, [2] *forcibly* and [3] *against her will.*" Code Ann. § 26-2001. (Emphasis supplied.) These are the three elements of forcible rape. "Forcibly" and "against her will" are not synonymous. The phrase "against her will," which means without her consent, (*Gore v. State,* 119 Ga. 418, 419 (46 SE 671) (1903)) in our construction was included to avoid criminalizing sexual acts however accomplished if done with an adult female's consent: the law seeks only to prohibit an unconsented-to aggressive act against a female. Normally a rape prosecutrix is asked if she consented to the act, and she answers "no." She is asked about and testifies to elements of force, and the case of forcible rape is thus made out.

A female under 14 years of age is legally incapable of giving consent. This rule has been recognized, for example, in these fairly typical cases: *Joiner v. State,* 133 Ga. 433 (66 SE 251) (1909); *Jones v. State,* 106 Ga. 365 (34 SE 174) (1899); *Stephen v. State,* 11 Ga. 225, 238 (1851); *Morrow v. State,* 13 Ga. App. 189 (79 SE 63) (1913). The judge in this trial correctly charged that the element of "against her will" was automatically shown by her age. He also correctly charged that to convict of forcible rape, *force* must be shown by evidence.

The confusion which sometimes appears when an under-age victim is involved stems from the fact very old cases blended concepts of nonconsent and force (e.g., *Gosha v. State,* 56 Ga. 36 (1876)), and also from the fact that statutory rape is not really "rape" at all and somewhat muddles the issues in a rape trial. Statutory rape is merely an act of sexual intercourse with a forbidden partner — a female under 14, not the offender's spouse. Force, consent, resistance — all these elements are irrelevant; it is the act of sexual intercourse and the age of the female that constitute the crime.

After this brief discussion, it will perhaps seem plain that in *McFall v. State,* 235 Ga. 105 (218 SE2d 839) (1975) we erred in affirming a forcible rape conviction on a jury charge to the effect that when an act of sexual intercourse with a girl under 14 is shown, "the law supplies the essential element of force." Id. at 106. That was incorrect. When an act of sexual intercourse with a girl under 14 is shown, statutory rape is shown. If the state desires to

convict a defendant of forcible rape, it must prove the element of force by *acts* of force (or mental coercion) — age has nothing to do with it. Considerations of "consent" and "force" and "against her will" are irrelevant in a statutory rape case, and the age of the victim is irrelevant in a forcible rape case except insofar as it may show her incapable of giving consent and thereby supply the "against her will" element. Force must also be shown, of course.

The view we take has been well expressed in 1 Wharton, Criminal Law and Procedure § 315 (1957): "Statutory rape differs from common-law rape in that (1) the assent of the female does not relieve the act of its criminal character, because the female is incapable, by reason of the statutory inhibition, of giving consent to the act; and (2) force, actual or constructive, is not an element of the offense. The fact that force is not a requisite to statutory rape does not mean that the defendant cannot be convicted of common-law rape when he employs force to have intercourse with a female below the age of consent. Since nonconsent is not an element of the offense of statutory rape, it is not necessary or relevant to show that the victim did not consent."

Were the contrary true—that the victim's age supplies the element of *force*—then as a practical matter no one would be convicted of statutory rape because the state's case making out statutory rape also would make out forcible rape. As one of our number wrote recently, dissenting in *McFall,* the "charge removed the element of force in a forcible rape case and allowed a conviction of a crime requiring force without any proof of force." 235 Ga. 105 at 109. (Ingram, J., dissenting.)

It is true that sometimes mere lack of consent imputes force, but this is true only where children are not involved. As Wharton has phrased it, "In the ordinary case the force to which reference is made is not the force inherent in the act of penetration but is the force used to overcome the resistance of the female. When the victim is physically or mentally unable to give consent to the act, as when she is intoxicated, drugged, or mentally incompetent, the requirement of force is found in constructive force, that is, in the use of such force as is

necessary to effect the penetration made by the defendant. The intent to use force, however, in case fraud or stupefaction should fail, is essential to the offense. In any case, actual application of force is not required. Threat of force, when death or serious bodily harm is threatened, is sufficient to make the act of intercourse to which the female consents one accompanied by force." Id. at § 307.

This discussion is adequate to show that *McFall* does not state the pertinent principles correctly. *McFall* is disapproved and will not be followed in the future.

Our discussion here is not only consistent with, but was heralded by, our case of *Robinson v. State,* 232 Ga. 123 (205 SE2d 210) (1974). In *Robinson* we considered a conviction of forcible rape of an under-age victim and said this about it: ". . . [U]nder the instructions as given, the jury were in effect authorized to find Robinson guilty of forcible rape without being required to find that force was used. *This was error on the part of the trial court. . ."* Id. at 128. (Emphasis supplied.) Our affirmance of that conviction followed not from a ruling that the charge was proper, but upon a finding that on the peculiar facts of the case the error was harmless.[1]

2. Drake's motion for directed verdict on the forcible rape charge on the alleged ground that the state's evidence had failed to show force, was correctly overruled. The prosecuting witness had testified that the only reason she obeyed her father's directions starting with "strip" was that she feared he would beat her or her mother if she refused. She also testified that he had had intercourse with her on previous occasions, starting when she was five years old. This showing of force through intimidation of a

---

[1] Its harmlessness flowed from the fact that the evidence of force was overwhelming. The sexual attack on the victim hospitalized her; "Robinson's sole defense was alibi; he at no time claimed to have had consensual contact with the victim. Moreover, Robinson's confession contained elements of force, and his attorney twice offered to stipulate that rape had occurred." 232 Ga. at 129. On those facts we held the error harmless.

nine-year-old victim was adequate to overcome a motion for directed verdict. ". . . [L]ack of resistance, induced by fear, . . . is force." *Curtis v. State,* 236 Ga. 362, 363 (223 SE2d 721) (1976). The argument that the prosecutrix' state of mind from her prior experience with appellant and subjective apprehension of danger from him cannot as a matter of law be adequate "force," is without merit. Cf., *Pierce v. State,* 230 Ga. 766, 769 (199 SE2d 235) (1973).

3. Finally, Drake enumerates error on the trial court's denial of his mistrial motion made on the asserted ground that the court had commented on his failure to testify, in violation of Code Ann. § 38-415 and of the Federal and State Constitutions. The court said this in the presence of the jury: ". . . I would like the record to show you have taken it on your own to advise your client of his right to testify in matters of this nature, have you not? And you're satisfied with that." When the jury left the courtroom, the defense moved for a mistrial. The judge then said that he would charge that no presumption or inference against defendant came from the fact that he did not testify. He did so charge, and the mistrial motion was overruled.

Drake argues that *Stapleton v. State,* 235 Ga. 513 (220 SE2d 269) (1975) and *Woodard v. State,* 234 Ga. 901 (218 SE2d 629) (1975) approved the kind of instruction given, but that in neither of those cases was there the added aggravation as here of the judge's statement in the jury's presence that counsel wanted to advise defendant of his right not to testify. Drake argues that in this situation we should follow *Wynn v. State,* 230 Ga. 202 (196 SE2d 401) (1973), in which error was found where "the trial judge, already aware that the defendant had elected to make an unsworn statement, insisted on advising him in the presence of the jury concerning his right to be sworn as a witness and to make an unsworn statement." Id. at 203.

The state argues that *Wynn* is not factually in point, and that what *Woodard* established was that "what is prohibited is a comment that the defendant could have 'denied,' 'explained,' or otherwise 'disputed' the state's case against him," 234 Ga. at 905, and the judge's comment here was not of that flavor.

We think it clear that not every allusion which may

be made at a trial to a defendant's not testifying will constitute error. Cf., *Joiner v. State,* 236 Ga. 580 (224 SE2d 414) (1976). The jury instruction which we approved in *Stapleton* and *Woodard* is itself a form of comment — though an acceptable one — on a defendant's failure to testify. We think it equally clear that a comment which indicates that by not testifying a defendant has failed to rebut the state's case is error, as *Woodard* explained. It is in the in-between situations that line-drawing becomes difficult. We conclude that the judge's remark in question, which was minimal and was not emphasized or highlighted by an objection or discussion made at the time, was at worst harmless error, because it was highly probable that the comment did not contribute to the jury's verdict in this case. See *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976).

*Judgment affirmed. All the Justices concur, except Nichols, C. J., who concurs in the judgment only, and Undercofler, P. J., who concurs in the judgment but dissents as to Division 1.*

ARGUED MARCH 22, 1977 — DECIDED MAY 26, 1977.
Rape. Clarke Superior Court. Before Judge Gaines.
*J. H. Affleck, Jr., J. W. Timmons,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.

UNDERCOFLER, Presiding Justice, concurring in the judgment but dissenting as to Division 1.

Throughout its history this court has held that sexual intercourse with an underage female raises a presumption of force. *Stephen v. State,* 11 Ga. 225 (1852); *McFall v. State,* 235 Ga. 105 (218 SE2d 839) (1975). The majority now holds that there is no such presumption. Perhaps the majority's conclusion does no great harm. But it does seem quite academic to say that the state must prove actual force (or coercion) to convict a father of raping his nine-year-old daughter, or for that matter any other nine-year-old child.