No. 80–5933. HILL *v.* GEORGIA. Sup. Ct. Ga. Certiorari denied. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Adhering to my view that capital punishment is under all circumstances cruel and unusual punishment forbidden by the Eighth Amendment, I would vacate the judgment of the Supreme Court of Georgia, insofar as it left undisturbed the death penalty in this case. Moreover, even assuming, *arguendo*, the death penalty may under certain conditions be imposed constitutionally, those conditions are absent here.

Petitioner was convicted of first-degree murder and forcible rape. The jury imposed the death sentence on the basis of two statutory aggravating circumstances. The first aggravating circumstance was that the murder was "outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim." Ga. Code § 27–2534.1 (b)(7) (1978). We considered this provision of Georgia law in *Godfrey* v. *Georgia*, 446 U. S. 420 (1980). There, a plurality of this Court held that the discretion of the trier of fact must be narrowed when it considers the possibility of aggravation under § 27–2534.1 (b) (7). Our decision in *Godfrey* which was decided after the trial in this case, was available to the Georgia Supreme Court when it reviewed petitioner's appeal. That reviewing court

assumed it could determine for itself the presence of the aggravating circumstance in light of *Godfrey*. The proper course instead would have been to remand for reconsideration by the State's sole sentencing authority, the trial court. See *Westbrook* v. *Balkcom*, 449 U. S. 999, 1001 (1980) (STEWART, J., dissenting from denial of certiorari) (citing Ga. Code §§ 27–2503 (b), 27–2534.1 (b) (1978)).

The error of the State Supreme Court in this regard is not remedied by the jury's assessment of another statutory aggravating circumstance in this case. Neither this Court nor the State Supreme Court has the ability to forecast the decision of the properly instructed sentencing authority. *Davis* v. *Georgia, ante,* p. 921 (MARSHALL, J., dissenting from denial of certiorari). The State Supreme Court's failure to follow the proper course is particularly troubling in cases, such as this, where the remaining ground for imposing the death sentence is itself vulnerable to constitutional attack. The second aggravating circumstance here involved is that the offense of murder was committed while the offender was engaged in the commission of another capital felony, Ga. Code § 27–2534.1 (b)(2) (1978). The aggravating felony found here was forcible rape. Yet the jury may well have declined to find this aggravating circumstance had the trial judge granted petitioner's request for an instruction on statutory rape. It is uncontested that the victim here was 12 years old, and that Georgia defines statutory rape as sexual intercourse with a female under the age of 14. Ga. Code § 26–2018 (1978). It is also undisputed that statutory rape would not constitute an aggravating circumstance permitting imposition of the death sentence.

The Georgia Supreme Court reasoned that no instruction on this offense was necessary because statutory rape is not a lesser included offense of forcible rape. This conclusion accurately reflects the legislature's assignment of different elements to each of the two offenses. For statutory rape, the fact of sexual intercourse must be supplemented by proof of

the victim's age. For forcible rape, the fact of intercourse must be supplemented by proof it occurred forcibly and against the victim's will. Ga. Code § 26–2001 (1978). Yet in light of the proof necessary to the two offenses, where a minor is the victim, these differences dissolve. The Georgia Supreme Court recently has reaffirmed its longstanding view that "[a] female under 14 years of age is legally incapable of giving consent," so the element of rape against the victim's will is "automatically shown by her age." *Drake* v. *State,* 239 Ga. 232, 233, 236 S. E. 2d 748, 750 (1977). As a result, the only remaining difference between statutory rape and forcible rape is the element of force. And the Georgia Supreme Court has held that the youth of the victim may support a finding of force based on the victim's "state of mind" and "subjective apprehension of danger." *Id.,* at 236, 236 S. E. 2d, at 751. Where a defendant's life depends on whether the evidence beyond a reasonable doubt establishes forcible rape rather than statutory rape, minimal fairness calls for letting the jury consider the possibility of a statutory rape conviction.

Indeed, this was the essential thrust of our reasoning in *Beck* v. *Alabama,* 447 U. S. 625 (1980). There we concluded that "when the evidence unquestionably establishes that the defendant is guilty of a serious, violent offense—but leaves some doubt with respect to an element that would justify conviction of a capital offense—the failure to give the jury the 'third option' of convicting on a lesser included offense would seem inevitably to enhance the risk of an unwarranted conviction." *Id.,* at 637. We concluded that this risk introduces "a level of uncertainty and unreliability into the factfinding process that cannot be tolerated in a capital case." *Id.,* at 643. This reasoning casts serious doubt on the trial court's refusal to instruct the jury on statutory rape in this capital case. Petitioner's death sentence thus rests on an exercise of sentencing discretion unbounded as required by *Godfrey* and unaided by an instruction on a lesser offense.

If a death sentence may ever be properly imposed, it must be the result of correct procedures, carefully applied. Because I believe this requirement was lacking here, I dissent.