## A92A0983. HOLLOWAY v. THE STATE.
### (422 SE2d 298)

· McMurray, Presiding Judge.

Defendant Holloway appeals his conviction on two counts of operating a motor vehicle without a license plate (OCGA § 40-2-8 (b)). The sole enumeration of error raises the issue of the sufficiency of the evidence to authorize defendant's conviction. *Held*:

OCGA § 40-2-8 (b) provides in part that it "shall be a misdemeanor to operate any vehicle required to be registered in the State of Georgia without a valid numbered license plate. . . ." OCGA § 40-2-20 (a) requires "every *owner* of a motor vehicle, including a tractor or motorcycle, and every *owner* of a trailer [to] register such vehicle as provided in this chapter and obtain a license to operate it for the ensuing year. . . ." (Emphasis supplied.)

On December 16, 1990, defendant was stopped by Garden City police officer Burrows and cited for certain traffic offenses. Subsequently, defendant was charged by accusation number 9102281 with three misdemeanor offenses. The accusation briefly described the alleged offenses and in another portion of the accusation referenced three uniform traffic citations. Count one charged "NO STATE TAG (TRACTOR)" while the corresponding uniform traffic citation alleged a violation of OCGA § 40-2-20 and stated under the "REMARKS" section of the citation, "NO STATE TAG ON TRACTOR." Count three of the accusation charged "NO STATE TAG (TRAILER)" while the corresponding uniform traffic citation alleged another violation of OCGA § 40-2-20 and stated in the "REMARKS" section of the accusation of the citation, "NO STATE TAG ON TRAILER." Defendant was acquitted of count two charging an improper driver's license and this allegation is not at issue on appeal.

The evidence at trial shows that defendant was stopped while operating his employer's highway-type tractor and flatbed trailer on the streets of Garden City and that neither the tractor nor trailer had a license plate. The officer testified that defendant was cited for failure to display a tag and stated on cross-examination that the citations he issued refer to OCGA § 40-2-8. Indeed, a document, which Officer Burrows was apparently using to refresh his memory may have contained a reference to OCGA § 40-2-8, and may have been a citation charging defendant with a violation of that statute. This document was discussed and passed between the officer and defense counsel during cross-examination of the officer, but was not clearly identified or introduced into evidence.

The record contains no citation or accusation charging defendant with a violation of OCGA § 40-2-8. The first and only reference to OCGA § 40-2-8 in the record (as opposed to the transcript) is in an order which amended defendant's sentence and incidentally reveals

that defendant's conviction was for violations of OCGA § 40-2-8 rather than for the offenses charged by the accusation.

In reviewing the record and transcript, we have unsuccessfully attempted to discern the sequence of events which resulted in the defendant's conviction for a different offense than that with which he was originally charged. Nor have we been able to reconcile Officer Burrow's testimony that defendant was cited for a violation of OCGA § 40-2-8 with the documents of record in the case. While the cases of other jurisdictions reveal circumstances under which indictments or accusations have been deemed to be amended at trial by the introduction of evidence and application of law related to offenses other than that originally charged, we find no support for such a proposition under the Georgia cases.

A conviction of an offense with which the defendant has not been charged is contrary to law (*Goldin v. State*, 104 Ga. 549, 551 (2) (30 SE 749)) and it may be sufficient to hold the conviction of defendant void on this ground alone. Nonetheless, we also note that defendant was charged with violations of OCGA § 40-2-20 which may be committed only by the owner of the vehicle in question. As the evidence is uncontroverted that the vehicles at issue in the case sub judice were owned by defendant's employer and not by defendant, defendant could not have committed the alleged violations of OCGA § 40-2-20.

*Judgment reversed. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 9, 1992.

*Brennan, Harris & Rominger, Edward T. Brennan*, for appellant.
*Spencer Lawton, Jr., District Attorney, Leonard M. Geldon, Assistant District Attorney*, for appellee.